[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 30, 2006
THOMAS K. KAHN
CLERK

No. 05-17113
Non-Argument Calendar
_____

D. C. Docket No. 05-80090-CR-JIC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAVELL PHILLIPS,
a.k.a. Lavelle Antwon Phillips,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 30, 2006)**

Before TJOFLAT, ANDERSON and BIRCH, Circuit Judges.

PER CURIAM:

Lavell Phillips appeals his conviction for possession of ammunition by a

convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e). He contends that, under the circumstances of this case, there was no substantial nexus to interstate commerce because he was merely standing in a city parking lot with some bullets in his pocket. Because such nexus did not exist, the district court should have granted his motion for judgment of acquittal. He contends, moreover, that the Government, in proceeding with his prosecution, exceeded Congress' Commerce Clause authority because his possession of bullets was not an economic activity that substantially affected interstate commerce. He cites United States v. Lopez, 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), to support his contention.

We review the constitutionality of statutes de novo. United States v. Scott, 263 F.3d 1270, 1271 (11th Cir. 2001). Pursuant to the Commerce Clause, as interpreted by Lopez, Congress may permissibly regulate (1) the use of the channels of interstate commerce; (2) the instrumentalities of interstate commerce, or persons or things in interstate commerce; and (3) activities with a "substantial relation to interstate commerce." Lopez, 514 U.S. at 558-59, 115 S.Ct at 1629-30. Lopez held that the Gun-Free School Zones Act, which made it a federal offense to knowingly possess a firearm in a school zone, was an unconstitutional exercise of Congressional authority because "[t]he act neither regulates a commercial activity nor contains a requirement that the possession be connected in any way to

2

interstate commerce." Id. at 551, 115 S.Ct. at 1626. The Court found it dispositive that the act contained "no express jurisdictional element which might limit its reach to a discrete set of firearm possessions that additionally have an explicit connection with or effect on interstate commerce." Id. at 562, 115 S.Ct. at 1626. In United States v. McAllister, 77 F.3d 387, 390 (11th Cir. 1996), we upheld § 922(g)(1) against a constitutional challenge based on the reasoning in Lopez. Section 922(g)(1) provides:

> It shall be unlawful for any person–(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g). We held that the statute had a jurisdiction element, so it was facially valid, and that McAllister's as applied challenge failed "[b]ecause the government demonstrated that the firearm possessed by McAllister previously traveled in interstate commerce." McAllister, 77 F.3d at 390. In finding this statute facially constitutional, we reasoned that, unlike the Gun-Free School Zones Act at issue in Lopez, the felon-in-possession statute has an express jurisdictional element, which would "ensure" that the firearm possession in question affects interstate commerce. Id. at 389-90 n. 4. We have also held that nothing in Supreme Court precedent decided after Lopez "alters the reasoning upon which

3

McAllister is moored." See Scott, 263 F.3d at 1273-74.

McAllister remains good law, as it has not been overruled or called into question by subsequent Supreme Court decisions. We therefore reject as meritless Phillips's Commerce Clause challenge.

Next, Phillips contends that the district court erred in overruling his objections to this circuit's pattern jury instruction regarding interstate commerce, and by advising the jury that all that was necessary to sustain the interstate commerce aspect of the charged offense was proof that the ammunition had once moved in interstate commerce. He says that the instruction given to the jury constituted a judgment of guilt on one element of the offense that the Government was required to prove in accordance with Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

We perform a de novo review of jury instructions when the objecting party claims that prejudice was caused by instructions that either misstated the law or misled the jury. United States v. Bender, 290 F.3d 1279, 1284 (11th Cir. 2002). In determining whether the given instructions reflected the law accurately, we afford the district court wide discretion as to the style and wording employed in the instructions. Id. We review jury instructions to determine whether the court's

4

charge, "considered as a whole, sufficiently instructs the jury so that the jurors understand the issues involved and are not misled." United States v. Shores, 966 F.2d 1383, 1386 (11th Cir. 1992).

To prove a violation of § 922(g)(1), the government must prove, beyond a reasonable doubt, that (1) the defendant was a convicted felon who (2) knowingly possessed a firearm, and (3) the firearm was in or affecting interstate commerce. United States v. Deleveaux, 205 F.3d 1292, 1296-97 (11th Cir. 2000).

Phillips's jury instruction challenge is meritless because the district court correctly stated the law. The court instructed the jury that, to convict Phillips, they had to find, beyond a reasonable doubt, that he was a convicted felon who "knowingly possessed any ammunition in or affecting interstate commerce." The court further advised the jury that "interstate commerce" included movement of ammunition from one state to another, and that Phillips need not have known of the movement of ammunition in interstate commerce. This instruction was an accurate statement of the law. Moreover, Phillips's claim that the instruction violated Apprendi and Blakely is meritless because he stipulated that the element requiring a nexus to interstate commerce had been satisfied, so the jury did not have to find this fact. The pattern jury instruction was a correct statement of the law, and the district court properly advised the jury so that they understood the issues involved.

5

For the foregoing reasons, Phillip's conviction is

AFFIRMED.