[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Nov. 23, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-17099
Non-Argument Calendar

_____

D. C. Docket No. 08-20527-CR-UU

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEWEY HYLOR,

Defendant-Appellant.

_____

No. 08-17112
Non-Argument Calendar

_____

D. C. Docket No. 08-20527-CR-UU

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO WILSON,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(November 23, 2009)

Before DUBINA, Chief Judge, EDMONDSON and ANDERSON, Circuit Judges.

PER CURIAM:

Appellants Dewey Hylor and Antonio Wilson have consolidated their appeals of their convictions for possession of a firearm or ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). They argue that the evidence was insufficient to sustain their convictions because the government did not show that they were in knowing possession of the guns and ammunition in question. Additionally, Hylor argues that during closing arguments, the prosecutor made improper statements regarding witness Officer Freire's credibility that constitute reversible error.

## I. Sufficiency of the evidence

We review the sufficiency of the evidence to support a conviction *de novo*, "viewing the evidence in the light most favorable to the government, with all reasonable inferences and credibility choices made in the government's favor." *United States v. Wright*, 392 F.3d 1269, 1273 (11th Cir. 2004) (internal quotation

2

marks and alteration omitted). We "must accept a jury's inferences and determinations of witness credibility." *Id.* An appellate court will not overturn a conviction on the ground of insufficient evidence unless no rational trier of fact could find that the evidence established the defendant's guilt beyond a reasonable doubt. *Id.* "A jury is free to choose among reasonable constructions of the evidence," and "it is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt." *United States v. Williams*, 390 F.3d 1319, 1323-24 (11th Cir. 2004) (internal quotation marks omitted).

Under § 922(g)(1), it is unlawful for a felon to knowingly possess a firearm or ammunition that has affected or was in interstate commerce. 18 U.S.C. § 922(g)(1); *United States v. Glover*, 431 F.3d 744, 748 (11th Cir. 2005). Because the parties stipulated at trial that Hylor was a convicted felon and that the guns and ammunition in question traveled in interstate commerce, the only issue for the jury was whether the evidence was sufficient to prove that Hylor knowingly possessed the guns or ammunition. Possession can be either actual or constructive. *United States v. Hernandez*, 433 F.3d 1328, 1333 (11th Cir. 2005). "To prove actual possession the evidence must show that the defendant either had physical possession of or personal dominion over the thing allegedly possessed." *United*

*States v. Leonard*, 138 F.3d 906, 909 (11th Cir. 1998). "Constructive possession exists when a defendant has ownership, dominion, or control over an object itself or dominion or control over the premises or the vehicle in which the object is concealed." *Id.*

We conclude that the record evidence, viewed in the light most favorable to the government, with all reasonable inferences and credibility determinations made in the government's favor, was sufficient to support the jury's conclusion that Hylor and Wilson were in knowing possession of the guns or ammunition. Officer Freire's testimony alone, that he observed Hylor and Wilson holding and trying to hide two firearms, was sufficient to support the convictions.

## II.  Improper vouching for a witness's credibility

"Absent a contemporaneous objection, the propriety of the Government's closing argument and alleged prosecutorial misconduct in improperly vouching for a witness'[s] credibility are reviewed under a plain error standard." *United States v. Newton*, 44 F.3d 913, 920 (11th Cir. 1994). Under plain-error review, the defendant has the burden to show that there was plain error that affected his substantial rights. *United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007), *cert. denied*, 128 S. Ct. 867 (2008). An error affects a party's substantial rights if it had "a substantial influence on the outcome of the case." *Id.* (internal quotation

marks omitted).  In addition, the error must seriously affect the "fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

"Attempts to bolster a witness by vouching for his credibility are normally improper and constitute error."  *Newton*, 44 F.3d at 921.  However, "[t]he prohibition against vouching does not forbid prosecutors from arguing credibility, . . . it forbids arguing credibility based on the reputation of the government office or on evidence not before the jury."  *Id.* (quoting *United States v. Hernandez*, 921 F.2d 1569, 1573 (11th Cir. 1991)).

We conclude from the record that the prosecutor's statements were not improper because he did not argue Officer Freire's credibility based upon the reputation of the government office or based on evidence not before the jury. Rather, he submitted to the jury that Officer Freire was telling the truth, and that the evidence supported his testimony.  In any event, the court's repeated instructions to the jury that the lawyers' statements during closing arguments were not to be considered evidence dispelled any prejudice which may have resulted from the prosecutor's statements.  Thus, there was no plain error.

Based on our review of the record and the consideration of the parties' briefs, we affirm Hylor and Wilson's convictions for possession of a firearm or ammunition by a convicted felon.

**AFFIRMED.**