[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-10856
_____

D.C. Docket Nos. 1:16-cv-21497-UU,
1:08-cr-205278-UU-2


DEWEY HYLOR,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 18, 2018)

Before WILLIAM PRYOR and JILL PRYOR, Circuit Judges, and RESTANI,[*]
Judge.

WILLIAM PRYOR, Circuit Judge:

_____

[*] Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by
designation.

This appeal requires us to decide whether Florida attempted first-degree murder is a "violent felony" within the meaning of the elements clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(i). Following his conviction for being a felon in possession of a firearm, Dewey Hylor received an enhanced sentence under the Act because he was previously convicted of three violent felonies: Florida attempted first-degree murder, Florida aggravated assault, and Florida strong-arm robbery. On post-conviction review, 28 U.S.C. § 2255, Hylor argued that none of these convictions qualifies as a violent felony, but the district court disagreed. We affirm. Florida attempted first-degree murder is a violent felony because it requires the attempted use of physical force that is capable of causing pain or injury. And we are bound by precedent to hold that Florida aggravated assault and Florida strong-arm robbery are violent felonies.

## I. BACKGROUND

In 2008, a jury convicted Hylor of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), and the district court imposed an enhanced sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e), because he had previously committed three violent felonies. Although the presentence investigation report did not specify which convictions triggered the enhanced sentence, it stated that Hylor had been convicted of Florida attempted first-degree murder, Florida aggravated assault, and Florida strong-arm robbery. Hylor did not object to the findings of fact

2

or the "manner in which sentence was pronounced." And we affirmed his judgment of conviction and sentence. *See United States v. Hylor*, 353 Fed. App'x 361 (11th Cir. 2009).

After filing several unsuccessful *pro se* motions, Hylor obtained representation and filed an application in this Court for leave to file a second or successive motion to vacate his sentence, 28 U.S.C. § 2255(h)(2). He argued that he was entitled to relief under *Johnson v. United States*, which held that the residual clause of the Act, 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague, 135 S. Ct. 2551, 2563 (2015). We granted the application, and a few days later, Hylor filed an amended motion to vacate his sentence in the district court.

The district court denied Hylor's motion. It ruled that Hylor was not entitled to relief under *Johnson* because his prior convictions qualified as predicate convictions under the elements clause of the Act, 18 U.S.C. § 924(e)(2)(B)(i). It explained that precedent established that aggravated assault and strong-arm robbery are violent felonies. And it determined that attempted first-degree murder also satisfies the definition of violent felony. It reasoned that under Florida law, "the attempted killing of a human being requires the intended destruction of a human body, [so] an individual cannot be convicted of attempted first-degree murder without attempting to inflict bodily injury serious enough to result in death." And it stated that the "knowing or intentional causation of bodily injury

3

necessarily involves the use of physical force." It then concluded that Hylor "ha[d] the requisite three . . . predicates to qualify him as an armed career criminal subject to the enhanced penalties under [section] 924(e)," and it issued a certificate of appealability on that question.

## II. STANDARD OF REVIEW

"In a Section 2255 proceeding, we review legal issues *de novo* and factual findings [for] clear error . . . ." *Jeffries v. United States*, 748 F.3d 1310, 1313 (11th Cir. 2014) (quoting *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004)). "Whether . . . particular conviction[s] [are] violent felon[ies] under 'the [Armed Career Criminal Act] is a question of law we consider *de novo*.'" *United States v. Seabrooks*, 839 F.3d 1326, 1338 (11th Cir. 2016) (quoting *United States v. Canty*, 570 F.3d 1251, 1254 (11th Cir. 2009)).

## III. DISCUSSION

Hylor argues that Florida attempted first-degree murder is not a violent felony under the Armed Career Criminal Act. He maintains that the state crime can be committed by "surreptitiously poisoning [a] victim" who does not die, and that poisoning does not require enough violence to qualify as a violent felony under the federal Act. He also concedes that our precedents establish that Florida aggravated assault and strong-arm robbery qualify as violent felonies under the elements

4

clause. We conclude that Hylor's appeal fails because attempted first-degree murder satisfies the elements clause of the Act.

The Armed Career Criminal Act provides that a defendant convicted of being a felon in possession of a firearm or ammunition, 18 U.S.C. § 922(g)(1), must be sentenced to a mandatory minimum term of 15 years if he has three or more past convictions for a "violent felony," 18 U.S.C. § 924(e)(1). The elements clause of section 924(e) defines a "violent felony" as any crime punishable by more than one year of imprisonment that "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* § 924(e)(2)(B)(i). And we have explained that, although "the meaning of 'physical force' is a question of federal law," we are "bound by a state supreme court's interpretation of state law, including its determination of the elements of the underlying state offense." *United States v. Hill*, 799 F.3d 1318, 1322 (11th Cir. 2015).

We use the categorical approach to evaluate whether a state offense has a use-of-force element. Under this approach, we "may 'look only to the statutory definitions'—*i.e.*, the elements—of a defendant's prior offenses, and not 'to the particular facts underlying those convictions.'" *Descamps v. United States*, 570 U.S. 254, 261 (2013) (emphasis omitted) (quoting *Taylor v. United States*, 495 U.S. 575, 600 (1990)). We determine whether a state statute defines only "violent

5

felon[ies]," 18 U.S.C. § 924(e)(2)(B), by evaluating "the least culpable conduct criminalized by the statute," *United States v. Deshazior*, 882 F.3d 1352, 1357 (11th Cir. 2018).

To qualify under the elements clause, a state offense must require the defendant to commit, to attempt, or to threaten physical acts that are directly or indirectly "capable of causing physical pain or injury." *Id.* at 1358 (quoting *United States v. Vail-Bailon*, 868 F.3d 1293, 1301 (11th Cir. 2017) (en banc)). The offense must involve force that is "physical," meaning that it must be "exerted by and through concrete bodies." *Curtis Johnson v. United States*, 559 U.S. 133, 138 (2010). The force must be "violent," meaning that the force must be "capable of causing physical pain or injury to another." *Deshazior*, 882 F.3d at 1357 (emphasis omitted) (quoting *Curtis Johnson*, 559 U.S. at 140). And the "use" of force requires "the knowing or intentional application of force." *United States v. Castleman*, 134 S. Ct. 1405, 1415 (2014) ("[T]he word use conveys the idea that the thing used (here, physical force) has been made the user's instrument." (citation and internal quotation marks omitted)). But we have stressed that "whether [a] use of force 'occurs indirectly, rather than directly (as with a kick or punch), does not matter.'" *Deshazior*, 882 F.3d at 1357 (quoting *Castleman*, 134 S. Ct. at 1415).

6

Hylor relies on a hypothetical "surreptitious poisoning" that fails to kill the intended victim to argue that attempted first-degree murder under Florida law fails the categorical test, but we are unpersuaded. We agree with Hylor that a poisoning satisfies the definition of the state offense. The Florida Supreme Court has upheld convictions for attempted first-degree murder where the defendants administered poison to victims who did not die. *See, e.g.*, *Trepal v. State*, 621 So. 2d 1361, 1362–63 (Fla. 1993); *see also Nelson v. State*, 450 So. 2d 1223, 1224–25 (Fla. Dist. Ct. App. 1984). But we disagree with Hylor's argument that this conduct "does not involve the use of violent force." Our precedents make clear that even poisoning is a violent felony under the elements clause. *See Deshazior*, 882 F.3d at 1357–58. Poisoning someone is a physical, as opposed to an "intellectual" or "emotional," use of force because it involves force "exerted by and through concrete bodies." *Curtis Johnson*, 559 U.S. at 138. And administering poison to kill someone is an intentional act that is "capable of causing physical pain or injury." *Deshazior*, 882 F.3d at 1358 (quoting *Vail-Bailon*, 868 F.3d at 1301).

True, poisoning someone does not involve the "direct application of violent force," *id.*, but "[t]hat the harm occurs indirectly, rather than directly (as with a kick or punch), does not matter," *Castleman*, 134 S. Ct. at 1415. Indeed, we considered Hylor's poisoning hypothetical in *Deshazior* and concluded that an "actor [who] knowingly employs a device to indirectly cause physical harm,"

7

including through "a chemical reaction," uses physical force. 882 F.3d at 1358. The Act does not distinguish between defendants who kill by "[p]oisoning someone, sloshing bleach in a victim's face, . . . saying the world 'sic' to a dog," or "pulling the trigger of a gun." *Id.* at 1357–58 (internal quotation marks omitted).

It makes no difference that Hylor was convicted of only *attempting* to kill his victim. The elements clause of the Act "equates actual force with attempted force," so "the text of [section] 924(e) . . . tells us that actual force need not be used for a crime to qualify under the [Act]." *United States v. St. Hubert*, 883 F.3d 1319, 1334 (11th Cir. 2018). It is enough that under Florida law the state was required to prove a "premeditated design to kill" and the "commission of an act which would have resulted in the death of the victim except that someone prevented the defendant from killing the victim or the defendant failed to do so." *Gordon v. State*, 780 So. 2d 17, 21 (Fla. 2001), *overruled on other grounds*, *Valdes v. State*, 3 So. 3d 1067 (Fla. 2009); *see also In re Standard Jury Instructions in Criminal Cases*, 636 So. 2d 502, 504 (Fla. 1994); *St. Hubert*, 883 F.3d at 1334 (relying on a Seventh Circuit decision that held that "when a substantive offense qualifies as a violent felony under the [Act], an attempt to commit that offense also is a violent felony" because the Act provides that "an element of attempted force operates the same as an element of completed force" and "conviction of attempt requires proof of intent to commit all elements of the completed crime" (quoting

8

*Hill v. United States*, 877 F.3d 717, 719 (7th Cir. 2017))). Attempted murder, which the Supreme Court has called a "prototypically violent crime," *James v. United States*, 550 U.S. 192, 208 (2007), *overruled on other grounds*, *Johnson*, 135 S. Ct. at 2562, is a violent felony under the Act.

As Hylor acknowledges, our precedents also foreclose his argument that aggravated assault and strong-arm robbery under Florida law are not violent felonies. We have repeatedly held that both state offenses are violent felonies under the Act. *See, e.g.*, *Deshazior*, 882 F.3d at 1355 (aggravated assault); *United States v. Golden*, 854 F.3d 1256, 1256–57 (11th Cir. 2017) (aggravated assault); *United States v. Fritts*, 841 F.3d 937, 941–42 (11th Cir. 2016) (robbery); *Turner v. Warden Coleman FCI*, 709 F.3d 1328, 1337–38 & 1338 n.6 (11th Cir. 2013) (aggravated assault); *United States v. Lockley*, 632 F.3d 1238, 1245 (11th Cir. 2011) (robbery). And we are bound by all prior panel decisions, "unless and until [they are] overruled or undermined to the point of abrogation by the Supreme Court or by this Court sitting en banc." *Deshazior*, 882 F.3d at 1355 (alteration adopted) (italics omitted) (quoting *United States v. Sneed*, 600 F.3d 1326, 1332 (11th Cir. 2010)).

## IV. CONCLUSION

We **AFFIRM** the denial of Hylor's motion to vacate his sentence.

9

JILL PRYOR, Circuit Judge, concurring in result:

Dewey Hylor, convicted of being a felon in possession of a firearm, is serving a 235-month sentence imposed under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), a statute that substantially increases the sentence when a defendant has prior convictions for certain types of crimes. The majority upholds Mr. Hylor's ACCA sentence, concluding that three prior convictions—for attempted first degree murder, strong-arm robbery, and aggravated assault, all under Florida law—are valid predicate convictions sufficient to trigger the increase. I concur in the majority's disposition of Mr. Hylor's appeal only because I am bound by precedent to do so. This court previously has foreclosed Mr. Hylor's challenges to his robbery and aggravated assault convictions as ACCA predicate crimes,[1] and today the majority invokes more recent precedent to foreclose Mr. Hylor's challenge to his attempted first degree murder predicate conviction. I write separately to explain why I believe that Mr. Hylor's attempted

---

[1] Previously I have argued that a conviction under Florida's aggravated assault statute does not qualify as an ACCA predicate. *See United States v. Golden*, 854 F.3d 1256, 1257-60 (11th Cir. 2017) (Jill Pryor, J., concurring in result). Now, as then, I remain bound by precedent to conclude that an aggravated assault conviction qualifies as an ACCA predicate. *See id.* at 1257.

Precedent also binds me to conclude that Mr. Hylor's Florida robbery conviction qualifies as an ACCA predicate offense, *see United States v. Fritts*, 841 F.3d 937, 941-42 (11th Cir. 2016), notwithstanding that the United States Supreme Court has granted certiorari on that issue, *United States v. Stokeling*, 684 F. App'x 870 (11th Cir. 2017) (unpublished), *cert granted*, 86 U.S.L.W. 3492 (U.S. Apr. 2, 2018) (No. 17-5554).

10

first degree murder conviction should not qualify as an ACCA predicate offense and that our precedent on which the majority relies rested on flawed logic.

ACCA imposes a mandatory 15-year term of imprisonment for any person convicted of being a felon in possession of a firearm who previously was convicted of three violent felonies, serious drug offenses, or a combination of both. 18 U.S.C. § 924(e)(1). The term "violent felony" in the statute has more than one definition, one of which is an offense punishable by more than one year of imprisonment that "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* § 924(e)(2)(B)(i). This definition is often called the "elements clause."

I agree with the bulk of the majority's analysis as it relates to Mr. Hylor's attempted first degree murder conviction. We must use the categorical approach to determine whether that conviction qualifies as an elements clause offense, looking to the least culpable conduct the statute of conviction criminalizes.[2] *See Johnson*

---

[2] In explaining why attempted first degree murder qualifies under ACCA's elements clause, the majority quotes the Supreme Court's reference in *James v. United States* to attempted first degree murder as a "prototypically violent crime." Maj. Op. at 9; *James v. United States*, 550 U.S. 192, 208 (2007), *overruled on other grounds by Johnson v. United States*, 135 S. Ct. 2551, 2562-63 (2015). Although the quotation is accurate, the Court made this statement in the context of explaining the scope of ACCA's *residual* clause. To determine whether a conviction qualifies under the residual clause, we ask not what is the least culpable of the acts criminalized, as we do with the elements clause, but rather "whether the conduct encompassed by the elements of the offense, in the ordinary case, presents a serious potential risk of injury to another." *Id.* That is, in applying the residual clause, we focus on the prototypical way an offense is committed—a far broader inquiry. Thus, *James*'s "prototypically violent crime" statement means little in the elements clause context.

11

*v. United States*, 559 U.S. 133, 137 (2010); Maj. Op. at 5-6.  Under our precedent, a statute that criminalizes the use, attempted use, or threatened use of even *indirect* physical force can qualify as an elements clause offense when that force causes injury.  *See United States v. Deshazior*, 882 F.3d 1352, 1358 (11th Cir. 2018); *see also United States v. Vail-Bailon*, 868 F.3d 1293, 1301 (11th Cir. 2017) (en banc).  Thus, if Mr. Hylor had been convicted of first degree murder, I would reject his argument that surreptitious poisoning cannot satisfy the elements clause and agree that his conviction qualified as a predicate offense notwithstanding that the least culpable of the acts the Florida statute criminalizes involves the use of indirect force.  *See* Maj. Op. at 6-8 (explaining why a conviction under Florida's first degree murder statute, which a person can violate by using indirect force, qualifies under ACCA's elements clause).

But Mr. Hylor was convicted of an attempt only.  The majority, citing this court's decision in *United States v. St. Hubert*, 883 F.3d 1319, 1334 (11th Cir. 2018), concludes that it makes no difference that Mr. Hylor's conviction was for *attempted* first degree murder because an attempted elements clause offense is always itself an elements clause offense.  Maj. Op. at 8-9.  This is a correct application of *St. Hubert*'s holding and necessary reasoning, so I am bound to concur.  *See Smith v. GTE Corp.*, 236 F.3d 1292, 1301-04 (11th Cir. 2001).  Nevertheless, I believe the reasoning underlying *St. Hubert*'s holding is wrong.

12

At issue in *St. Hubert* was whether attempted Hobbs Act robbery qualified as a violent felony under 18 U.S.C. § 924(c)'s elements clause, which contains language similar to ACCA's elements clause. Both clauses define a violent felony as one involving "the use, attempted use, or threatened use of physical force." *Compare* 18 U.S.C. § 924(c)(3)(A), *with id.* § 924(e)(2)(B)(i). An individual commits Hobbs Act robbery when he "obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery . . . or attempts or conspires to do so, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to" commit robbery under the statute. 18 U.S.C. § 1951(a). "[R]obbery," in turn, is defined as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future." *Id.* § 1951(b)(1). Under federal law, to be convicted for an attempt crime, the defendant must (1) have the specific intent to engage in the criminal conduct he is charged with attempting and (2) engage in an overt act, defined as "a substantial step toward the commission of the offense that strongly corroborates his criminal intent." *St. Hubert*, 883 F.3d at 1333.

*St. Hubert* concluded that attempted Hobbs Act robbery qualifies as a predicate offense under ACCA's elements clause. First, *St. Hubert* said, "substantive Hobbs Act robbery itself qualifies as a crime of violence under

13

[§ 924(c)'s elements clause] and, therefore, attempt to commit Hobbs Act robbery requires that St. Hubert intended to commit every element of Hobbs Act robbery, including the taking of property in a forcible manner." 883 F.3d at 1334. True enough. Second, "the definition of a crime of violence in [the elements clause] equates the use of force with attempted force, and thus the text of [the elements clause] makes clear that actual force need not be used for a crime to qualify" as a crime of violence. *Id.* So far so good. Third:

> [G]iven § 924(c)'s statutory specification that an element of attempted force operates the same as an element of completed force, and the rule that conviction of attempt requires proof of intent to commit all elements of the completed crime, attempted Hobbs Act robbery qualifies as a crime of violence under [the elements clause] as well.

*Id.* (internal quotation marks omitted). This is where *St. Hubert* went wrong.

*St. Hubert*'s conclusion—that *intent* to commit each element of an offense necessarily involves an *attempt* to commit each element—does not logically follow from its premises. The only conclusion that logically can be drawn from these— admittedly uncontroversial—premises is that an attempt to commit an offense having as an element the use, attempted use, or threatened use of physical force necessarily involves, at a minimum, *intent* to commit that offense, including the offense's use, attempted use, or threatened use of physical force element. But having the *intent* to commit a crime involving the use of force simply is not the same thing as using, attempting to use, or threatening the use of force.

14

Attempt crimes also have an overt act element, but that element does not fill *St. Hubert*'s logical gap.  It is readily conceivable that a person may engage in an overt act—in the case of robbery, for example, overt acts might include renting a getaway van, parking the van a block from the bank, and approaching the bank door before being thwarted—without having used, attempted to use, or threatened to use force.  Would this would-be robber have *intended* to use, attempt to use, or threaten to use force?  Sure.  Would he necessarily have attempted to use force?  Definitely not.  So an individual's conduct may satisfy all the elements of an attempt to commit an elements-clause offense without anything more than intent to use elements-clause force and some act in furtherance of the intended offense that does not involve the use, attempted use, or threatened use of such force.

Mr. Hylor's case highlights the problems with *St. Hubert*'s reasoning.  To be convicted of attempted first degree murder under Florida law, a defendant must have the specific intent to commit each element of the offense of first degree murder plus engage in an overt act—"[s]ome appreciable fragment of the crime" that, if allowed to proceed, would lead to the completed offense absent interruption.  *Hernandez v. State*, 117 So. 3d 778, 784 (Fla. Dist. Ct. App. 2013) (internal quotation marks omitted).  Importantly, though, the overt act "does not have to be the ultimate or last possible act toward consummation of the crime."  *Id.* at 785 (internal quotation marks omitted).  This means that someone could be

15

convicted of attempted first degree murder without engaging in any overt act of force, the act of force being the natural last act toward consummation of a murder. Indeed, that is precisely what occurred in *Hernandez*. *See id.* (upholding attempted first degree murder conviction where defendant confessed to intending to murder his victim and whose overt acts consisted of entering a bathroom stall, putting on a hat and gloves, and repeatedly insisting that the would-be victim join him in the stall). Yet, under *St. Hubert*, the attempt crime's element of specific intent to commit the murder necessarily means that the offense involved the attempted use of physical force—despite the fact that the offense may be completed without the perpetrator ever actually using, attempting to use, or threatening to use physical force. This is plainly wrong. But because I am bound to follow precedent, however flawed, reluctantly I concur.

16