[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17106
Non-Argument Calendar
_____

D.C. Docket Nos. 9:16-cv-81080-JIC,
9:05-cr-80090-JIC-1

LAVELL PHILLIPS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 7, 2018)

Before JILL PRYOR, FAY, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Petitioner Lavell Phillips appeals the denial of his 28 U.S.C. § 2255 motion,

in which he challenged his enhanced sentence based on the Supreme Court's

decision in *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015).  On appeal, Petitioner contends his convictions for Florida attempted first-degree murder are not violent felonies under the Armed Career Criminal Act ("ACCA") because attempted first-degree murder does not have as an element the use, attempted use, or threatened use of physical force.  After careful review, we affirm.

## I.    BACKGROUND

In 2004, a grand jury returned an indictment charging Petitioner with being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g).  Following a trial, a jury found Petitioner guilty.

Petitioner's Presentence Investigation Report ("PSR") indicated that he was subject to a sentencing enhancement under the ACCA and referred to three prior convictions for attempted first-degree murder, one conviction for armed robbery, and one conviction for aggravated battery.  Defendant did not object to the armed career criminal enhancement.  The district court adopted the PSR and sentenced Petitioner to 204 months' imprisonment.  We subsequently affirmed Petitioner's conviction.  *United States v. Phillips*, 202 F. App'x 442 (11th Cir. 2006).

On June 23, 2016, Petitioner, proceeding through counsel, filed a § 2255 motion, arguing he was no longer an armed career criminal because none of the above-referenced prior convictions qualified as violent felonies in light of *Johnson*.  A magistrate judge issued a report and recommendation recommending that

Petitioner's § 2255 motion be dismissed or denied.  Petitioner did not object to the report and recommendation.  The district court adopted the report and recommendation, dismissed Petitioner's § 2255 motion as untimely, and, in the alternative, denied Petitioner's § 2255 motion on the merits.  Petitioner appealed, and a judge of this Court granted a certificate of appealability on the issue of whether Petitioner's convictions for Florida attempted first-degree murder qualify as violent felonies after *Johnson*.

## II.    DISCUSSION

"We review <u>de novo</u> constitutional sentencing issues, including the issue of whether a prior conviction qualifies as a 'violent felony' under the ACCA." *United States v. Joyner*, 882 F.3d 1369, 1377 (11th Cir.), *petition for cert. filed* (U.S. May 23, 2018) (No. 17-9128).

Generally, a defendant who violates 18 U.S.C. § 922(g) may receive a maximum sentence of ten years.  18 U.S.C. § 924(a)(2).  But under the ACCA, a defendant who violates § 922(g) and has three prior convictions for a violent felony, a serious drug offense, or both, is subject to a mandatory minimum sentence of fifteen years.  18 U.S.C. § 924(e)(1).  The ACCA defines a violent felony as any crime punishable by imprisonment for a term exceeding one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

3

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).  Subsection (i) is referred to as the "elements clause," while subsection (ii) contains the "enumerated crimes" and the "residual clause." *United States v. Seabrooks*, 839 F.3d 1326, 1338 (11th Cir. 2016).  In 2015, the Supreme Court held that the residual clause is unconstitutionally vague.  *Johnson*, 576 U.S. at ___, 135 S. Ct. at 2557–58, 2563.  Accordingly, a defendant may only be sentenced as an armed career criminal if he has three prior convictions for serious drug offenses, enumerated offenses, or crimes that meet the elements clause.

The only issue in this case is whether attempted first-degree murder under Florida law qualifies as a violent felony post-*Johnson*.  Attempted first-degree murder clearly is not an enumerated offense; it is not burglary, arson, or extortion, and it (generally) does not involve the use of explosives.  The question, then, is whether attempted first-degree murder is a violent felony under the elements clause.

We recently answered this question in the affirmative.  *Hylor v. United States*, 896 F.3d 1219, 1221 (11th Cir. 2018).  Specifically, we concluded "Florida attempted first-degree murder is a violent felony because it requires the attempted use of physical force that is capable of causing pain or injury."  *Id.*  We flatly

4

rejected one of the arguments Petitioner raises on appeal—that attempted first-degree murder can be committed without the use, attempted use, or threatened use of force if, for example, the defendant poisoned the victim. *Id.* at 1222–23. Our precedent makes clear that poisoning is a violent felony under the elements clause. *Id.* at 1223 (citing *United States v. Deshazior*, 882 F.3d 1352 (11th Cir.), *petition for cert. filed* (U.S. May 1, 2018) (No. 17-8766)).

Although Petitioner offers other creative examples of ways in which one might attempt to murder another person—by the use of radiation, infectious disease, or toxic substances, or by tampering with medication—he has not provided any Florida cases in which a defendant was convicted of attempted first-degree murder for such actions. *See United States v. St. Hubert*, 883 F.3d 1319, 1332 (11th Cir. 2018) ("[A] defendant must at least point to his own case or other cases in which the courts in fact did apply the statute in the manner for which he argues." (alterations and quotations omitted)). And in any event, *Hylor* dictates the result in this case, regardless of whether the *Hylor* Court considered every argument Petitioner now raises on appeal. *See Tippitt v. Reliance Standard Life Ins. Co.*, 457 F.3d 1227, 1234 (11th Cir. 2006) ("[A] prior panel precedent cannot be circumvented or ignored on the basis of arguments not made to or considered by the prior panel.").

Accordingly, the denial of Petitioner's § 2255 motion is **AFFIRMED**.

5