[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-13274
Non-Argument Calendar

_____

D.C. Docket Nos. 1:16-cv-22491-RNS; 1:98-cr-00401-SH-1

ANTOINE DIXSON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 7, 2019)

Before WILSON, MARTIN, and HULL, Circuit Judges.

PER CURIAM:

Antoine Dixson, a former federal prisoner who is currently serving a five-year term of supervised release, appeals the denial of his motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255. Dixson argues that he met his burden under Beeman v. United States, 871 F.3d 1215 (11th Cir. 2017), cert. denied, 139 S. Ct. 1168 (2019), to show that the sentencing court, more likely than not, relied on the Armed Career Criminal Act's ("ACCA") unconstitutionally vague residual clause to qualify his Florida attempted first degree murder conviction as a violent felony and enhance his sentence in 2000. As a result, he argues, he is entitled to § 2255 relief. He also argues Beeman was incorrectly decided.

Since Dixson's § 2255 motion was denied, we held that Florida attempted first degree murder is an offense that categorically "has as an element the use, attempted use, or threatened use of physical force against the person of another." Hylor v. United States, 896 F.3d 1219, 1222 (11th Cir. 2018) (quoting 18 U.S.C. § 924(e)(1)), cert. denied, 139 S. Ct. 1375 (2019). Because, in light of Hylor, Dixson has three prior convictions that qualify as ACCA predicates, we must affirm.

## I.

In a proceeding on a motion to vacate, set aside, or correct a sentence, we review the district court's factual findings for clear error and legal issues de novo.

2

See LeCroy v. United States, 739 F.3d 1297, 1312 (11th Cir. 2014).  Whether particular convictions are violent felonies under the ACCA is a question of law we consider de novo.  Hylor, 896 F.3d at 1221.  "We may affirm on any ground supported by the record."  LeCroy, 739 F.3d at 1312.

## II.

On December 13, 1999, a jury in the United States District Court for the Southern District of Florida found Dixson guilty of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g).

At sentencing, the sentencing judge[1] determined that Dixson had three prior violent felony convictions and, pursuant to the ACCA, 18 U.S.C. § 924(e), enhanced his sentence.  Dixson received a sentence of 260-months imprisonment followed by five years of supervised release.

Under the ACCA, a "violent felony" is a crime punishable by more than one year of imprisonment that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another"; (2) "is burglary, arson, [] extortion[, or] involves use of explosives"; or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another."  18

---

[1] Dixson's sentencing judge, the Honorable Shelby Highsmith, died on December 2, 2015.  Since Judge Highsmith's death, the Honorable Robert N. Scola, Jr. has overseen Dixson's criminal case and his attempts at collateral review.  We refer to Judge Highsmith as the "sentencing judge" or "sentencing court," and Judge Scola as the "district court."

3

U.S.C. § 924(e)(2)(B); Mays v. United States, 817 F.3d 728, 730–31 (11th Cir. 2016). The three clauses are referred to as the elements clause, the enumerated clause, and the residual clause, respectively. Mays, 817 F.3d at 731.

Although Dixson's presentence investigation report ("PSR") identified six prior convictions, the sentencing court did not identify which of his previous convictions served as the predicate convictions or which clause or clauses of the ACCA it relied on in imposing the enhancement.[2]

In 2015, the Supreme Court held in Johnson v. United States, 135 S. Ct. 2551 (2015), that the residual clause is unconstitutionally vague. Id. at 2557–58, 2563. Johnson did not call into question the application of the enumerated clause or elements clause. Id. at 2563. The Supreme Court has since ruled that Johnson announced a new substantive rule that applies retroactively to cases on collateral review. Welch v. United States, 136 S. Ct. 1257, 1264–65 (2016).

In 2016, following Johnson and Welch, Dixson moved this Court for permission to submit a successive § 2255 motion. The panel found that, under binding precedent, it was only clear that Dixson's Florida convictions for delivery

---

[2] In authorizing Dixson's successive § 2255 motion, this Court ruled that Dixson's prior Florida conviction for delivery of cocaine qualifies as a serious drug offense under the ACCA and his Florida conviction for aggravated battery qualifies as a violent felony under the ACCA's elements clause. In re Dixson, No. 16-13781, slip op. at 5 (11th Cir. July 21, 2016). The parties do not dispute these two ACCA predicates. The only other of his prior convictions that the government maintains could have been used for the ACCA enhancement is his Florida conviction for attempted first degree murder. The sentencing court's classification of this predicate conviction as a violent felony is the subject of this appeal.

4

of cocaine and for aggravated battery qualified as ACCA predicates.  In re Dixson, slip op. at 5.  It was "not clear, however, which of Dixson's remaining convictions would qualify as ACCA predicate offenses and, if so, why."  Id.  The panel granted Dixson permission to file the successive motion, and he filed his § 2255 motion with the district court on June 24, 2016.

The district court referred the motion to a magistrate judge for consideration. The magistrate judge found that Dixson's convictions for delivery of cocaine and aggravated battery qualified under the ACCA, but that the only other potential predicate conviction, Florida attempted first degree murder, did not qualify under either the enumerated clause or the elements clause.  Based on this, the magistrate judge recommended that Dixson's § 2255 motion be granted.  The district court rejected the recommendation and denied Dixson's § 2255 motion, holding that Dixson's conviction for attempted first degree murder qualified as a violent felony under the elements clause.  Dixson v. United States, 2016 WL 11585263, at *9 (S.D. Fla. Dec. 13, 2016).  Dixson appealed.

In 2017, while Dixson's appeal was pending, this Court decided Beeman.  In Beeman, we explained that a § 2255 movant asserting a Johnson claim must "prove his claim" by showing "that his sentence enhancement turned on the validity of the residual clause."  871 F.3d at 1221.  To make this showing, the claimant must prove two things.  First, he must show that the sentencing court

5

relied solely on the residual clause.  Id.  Second, the claimant must show he did not

have at least three other prior convictions that could have qualified under either the

enumerated clause or elements clause as a violent felony, or as a serious drug

offense.  Id.  Establishing the first prong of this test requires the claimant to show it

is "more likely than not" that the sentencing court used the residual clause to

enhance the claimant's sentence.  Id. at 1221–22.  "If it is just as likely that the

sentencing court relied on the elements or enumerated offenses clause, solely or as

an alternative basis for the enhancement, then the movant has failed to show that

his enhancement was due to use of the residual clause."  Id. at 1222.

On March 13, 2018, this Court remanded Dixson's appeal to the district

court for reconsideration in light of Beeman.  Dixson v. United States, 724 F.

App'x 896, 898 (11th Cir. 2018) (per curiam) (unpublished).  We noted that, at that

time, "[t]he status of a Florida conviction for attempted first degree murder as an

ACCA predicate conviction [was] still an open question in this circuit."  Id.

Before the district court could reach that question, though, it needed to ask whether

Dixson could "show . . . it was more likely than not he was sentenced under the

residual clause.  Id. (citing Beeman, 871 F.3d at 1221–22).  We emphasized that

the district court's inquiry into this question could "include, among other things, a

review of the record at Dixson's sentencing [and] a consideration of how courts

6

viewed the statutes under which Dixson had previously been convicted, as well as other similar statutes at the time he received his ACCA sentence." Id.

On remand, the district court again held a hearing at which it again denied Dixson's § 2255 motion. In a subsequent written order dated June 4, 2018, the district court denied the motion on the grounds that Dixson had not carried his burden of showing it was more likely than not the sentencing court relied on the residual clause. The district court stated it had "reason to believe that the sentencing court could have relied on the elements clause," and found it was "unlikely that the sentencing court relied solely on the residual clause to enhance Dixson's sentence based on these facts and the crime at issue." The district court, therefore, did not reach the second Beeman prong in considering Dixson's motion. Dixson appealed again.

About a month after the district court entered its most recent order denying Dixson's § 2255 motion, this Court held in Hylor that a Florida conviction for attempted first degree murder qualifies as a violent felony under the ACCA's elements clause. 896 F.3d at 1221, 1223.

**III.**

Dixson makes three arguments on appeal. First, he argues the district court heightened his evidentiary burden of proving the sentencing court relied solely on the residual clause. Second, he argues he has met his burden under Beeman of

7

proving the sentencing court's reliance on the residual clause.  Finally, he argues that Beeman was wrongly decided.

Taking Dixson's third argument first, we are bound to follow Beeman as binding precedent unless and until it is overruled by this Court en banc or by the Supreme Court.  See United States v. Vega-Castillo, 540 F.3d 1235, 1236 (11th Cir. 2008).  Accordingly, we must apply Beeman and reject Dixson's request to analyze his § 2255 motion under countervailing precedent from another circuit.

We need not address Dixson's first or second arguments, both of which deal with the first prong of the Beeman analysis.  Even assuming Dixson can show that it was more likely than not that he was sentenced solely under the residual clause, our decision in Hylor forecloses any argument that his Florida attempted first degree murder conviction could not have qualified under the elements clause.[3] This is a showing he needs to make in order to succeed on his § 2255 motion.  See Beeman, 871 F.3d at 1221 (requiring a Johnson claimant to show (1) he was sentenced solely under the now-invalid residual clause and (2) he did not have three predicate crimes that "could have qualified" under another, still-valid clause of the ACCA).  Indeed, on appeal, Dixson's reply brief acknowledges Hylor and

---

[3] Both sides agree that Dixson's past Florida conviction for attempted first degree murder does not fall within the ACCA's enumerated clause.  In addition, neither side contends the government has waived reliance on this conviction for ACCA purposes.

states that "[h]e seeks to preserve his argument that <u>Hylor</u> is wrongly decided in the event of a future change in the law."

Dixson's <u>Johnson</u> claim fails on the second <u>Beeman</u> prong. As a result, we decline to address his argument that he carried his burden under <u>Beeman</u>'s first prong. In addition, we need not address the government's argument that, even if Dixson met his burden under <u>Beeman</u>, he procedurally defaulted his <u>Johnson</u> claim by not raising it on direct appeal of his sentence.

**AFFIRMED.**

9