[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13108
Non-Argument Calendar
_____

D.C. Docket No. 6:17-cr-00298-PGB-DCI-4


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LAMARCUS DEMANE HARVEY,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 23, 2020)

Before JILL PRYOR, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

LaMarcus Harvey appeals his conviction under 18 U.S.C. § 924(c)(1)(A)(i) for carrying a firearm during and in relation to an attempted bank robbery.  Harvey argues that attempted bank robbery is not a crime of violence under § 924(c)(3)'s elements clause.  We disagree and affirm.

A felony offense is a "crime of violence" under § 924(c)'s "elements clause" if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."  18 U.S.C. § 924(c)(3)(A).  We review de novo whether an offense qualifies as a crime of violence.  *Steiner v. United States*, 940 F.3d 1282, 1288 (11th Cir. 2019) (per curiam).

Harvey pleaded guilty to attempted bank robbery in violation of 18 U.S.C. § 2113(a).  At the change-of-plea hearing, he acknowledged that he was in fact guilty of that crime, in that he: (1) knowingly attempted to take money possessed by a federally insured bank from or in the presence of the person described in the indictment, and (2) did so by means of force and violence or intimidation.  *See* 18 U.S.C. § 2113(a).  We have previously held that a substantive violation of § 2113(a) is a "crime of violence" because a "taking 'by force and violence' entails the use of physical force" and "a taking 'by intimidation' involves the threat to use such force."  *In re Sams*, 830 F.3d 1234, 1239 (11th Cir. 2016) (per curiam) (quoting *United States v. McNeal*, 818 F.3d 141, 153 (4th Cir. 2016)).  We have also held that, when a substantive federal offense qualifies as a crime of violence

2

under the elements clause of § 924(c), an attempt to commit that offense is itself a crime of violence, "given § 924(c)'s 'statutory specification that an element of attempted force operates the same as an element of completed force, and the rule that conviction of attempt requires proof of intent to commit all elements of the completed crime.'" *United States v. St. Hubert*, 909 F.3d 335, 352 (11th Cir. 2018) (citation omitted), *abrogated on other grounds by United States v. Davis*, 139 S. Ct. 2319 (2019). So even where a defendant's actual conduct in attempting to commit bank robbery "falls short of actual or threatened force, the robber has attempted to use actual or threatened force because he has attempted to commit a crime that would be violent if completed." *Id.* at 353 (discussing attempted Hobbs Act robbery).[1]

We conclude that, under our precedents, the attempt to commit § 2113(a) robbery is a crime of violence within the meaning of § 924(c)(3)(A). Harvey does not challenge his conviction for attempted bank robbery or contest the government's proof that he possessed a firearm in furtherance of that crime. *See* 18 U.S.C. §§ 2113(a); 924(c)(1)(A). We therefore affirm Harvey's convictions and sentences.

---

[1] Relying on Judge Jill Pryor's concurrence in *Hylor v. United States*, 896 F.3d 1219, 1226 (11th Cir. 2018), *cert. denied*, 139 S. Ct. 1375 (2019), Harvey argues that *St. Hubert* was wrongly decided and should be overturned. But "we are bound by all prior panel decisions, 'unless and until [they are] overruled or undermined to the point of abrogation by the Supreme Court or by this Court sitting en banc.'" *Hylor*, 896 F.3d at 1223–24 (alteration in the original) (quoting *United States v. Deshazior*, 882 F.3d 1352, 1355 (11th Cir. 2018)).

3

**AFFIRMED.**