[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-12240

_____

D.C. Docket No. 2:16-cr-00055-JES-MRM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LONNIE ANTHONY JONES,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 25, 2018)

Before TJOFLAT, MARCUS and NEWSOM, Circuit Judges.

MARCUS, Circuit Judge:

At issue today is whether second-degree murder in Florida is a "violent felony" within the meaning of the elements clause of the Armed Career Criminal Act (ACCA).  18 U.S.C. § 924(e)(2)(B)(i).  Lonnie Jones argues that his prior conviction for second-degree murder does not qualify as a "violent felony" for purposes of the ACCA.  We hold that it does and affirm his conviction under the ACCA.

## I.

Jones was arrested after a search of his residence turned up seven unlawfully possessed firearms and a variety of illegal controlled substances.  He was charged in five counts for possessing cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); in one count for possessing marijuana, cocaine, cocaine base, and oxycodone, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and (D); and, finally, in one count for possessing firearms and ammunition after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) and 924(e)(1).

Jones pled guilty to one federal drug count and the one federal weapons count -- being a convicted felon in possession of a firearm or ammunition.  For the gun count, he was subject to a 15-year mandatory minimum sentence under the ACCA because he had three prior qualifying convictions.  The three prior convictions qualifying Jones as an armed career criminal were: (1) a 1988 Florida

2

robbery with a firearm; (2) a 1992 Florida second-degree murder conviction with a firearm; and (3) a 1994 Florida conviction for resisting an officer with violence.

At his sentencing, Jones objected to the classification of his Florida second-degree murder conviction as a "violent felony" for purposes of the ACCA. He did not challenge the felony convictions for resisting an officer with violence and robbery with a firearm. He argued, however, that Florida's second-degree murder charge was not a violent felony for purposes of the ACCA because the statute does not require the use of physical force. As an example of a second-degree murder conviction that could be overbroad for purposes of the categorical approach, he posited murder by providing a lethal amount of cocaine or surreptitious poisoning, although that was not the basis of his underlying conviction. The sentencing court overruled the objection and found that Jones had three prior felony convictions, qualifying him as an armed career criminal. Jones was sentenced to concurrent 15-year sentences on both the drug and gun counts.

This timely appeal ensued.

## II.

We review de novo whether a prior conviction qualifies as a "violent felony" under the ACCA. See, e.g., United States v. Howard, 742 F.3d 1334, 1341 (11th Cir. 2014).

3

The ACCA provides that a defendant convicted of being a felon in possession of a firearm or ammunition must be sentenced to a mandatory 15-year minimum sentence where the defendant has "three previous convictions . . . for a violent felony or a serious drug offense." 18 U.S.C. §§ 924(e)(1), 922(g). The term "violent felony" means, among other things, "any crime punishable by imprisonment for a term exceeding one year . . . that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another." Id. § 924(e)(2)(B). We call this the "elements clause" of the ACCA "violent felony" definition. The parties here agree that second-degree murder could only qualify as a "violent felony" if it "has as an element the use, attempted use, or threatened use of physical force against the person of another" under the elements clause. Id. The meaning of physical force is a question of federal law, but we look to state law in determining the elements of the underlying state crime. United States v. Hill, 799 F.3d 1318, 1322 (11th Cir. 2015).

When determining whether a crime qualifies as a "violent felony" for purposes of the ACCA, we use the so-called categorical approach. See, e.g., id. That is, we look only to the "statutory definitions -- i.e., the elements -- of a defendant's prior offenses, and not to the particular facts underlying those convictions." Descamps v. United States, 570 U.S. 254, 261 (2013) (quotation omitted; emphases in original). A crime is categorically a violent felony under the

4

elements clause if even "the least culpable conduct criminalized by the statute" would fall within the ACCA definition.  See, e.g., United States v. Deshazior, 882 F.3d 1352, 1357 (11th Cir. 2018).  However, the categorical approach does not require consideration of unrealistic or fanciful possibilities.  See id.

This case turns on the meaning of the phrase "physical force" in the ACCA definition of "violent felony."  The Supreme Court has determined that the phrase "physical force" in the violent felony definition means "violent force -- that is, force capable of causing physical pain or injury to another person."  Curtis Johnson v. United States, 559 U.S. 133, 140 (2010) (emphasis in original).  Although in a different context, the Supreme Court has held that a statute's use of the phrase "physical force" encompassed indirect as well as direct force.  It specifically determined that poisoning would qualify as an application of physical force even though the force was applied indirectly.  United States v. Castleman, 572 U.S. 157, 171 (2014) (holding that a conviction for causing bodily injury qualified as a "misdemeanor crime of domestic violence" under 18 U.S.C. § 922(g)(9)).  This Court has since determined that poisoning someone constitutes "physical force" under the ACCA.  See Deshazior, 882 F.3d at 1357–58.  It did not matter whether the use of force occurred directly or indirectly.  Id. (citing Castleman, 572 U.S. at 171).

5

Jones argues that in Florida, second-degree murder can be committed without use of physical force. Florida defines second-degree murder to mean "[t]he unlawful killing of a human being, when perpetrated by any act imminently dangerous to another and evincing a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual." Fla. Stat. § 782.04(2). The thrust of Jones's argument then would be to show how second-degree murder could be committed without the direct use of physical force; here he focuses on the use of poison. That is, he claims that physical force is not categorically an element of Florida second-degree murder chiefly because poisoning someone does not involve physical force.

However, this argument is now foreclosed by our recent precedent in Hylor v. United States, 896 F.3d 1219 (11th Cir. 2018). In Hylor, we held that in Florida attempted first-degree murder is categorically a violent felony under the ACCA. Id. Under Florida law first-degree murder is "[t]he unlawful killing of a human being . . . [w]hen perpetrated from a premeditated design to effect the death of the person killed or any human being."[1] Fla. Stat. § 782.04(1)(a) (2017). We explained that "[o]ur precedents make clear that even poisoning is [physical force and so] a violent felony under the elements clause" of the ACCA. Hylor, 896 F.3d

---

[1] Alternatively, first-degree murder includes unlawful killings in the perpetration of, or in the attempt to perpetrate, certain enumerated crimes; or unlawful killings resulting from the unlawful distribution of enumerated illicit or controlled substances. Fla. Stat. § 782.04(1).

at 1223.  Under applicable Supreme Court law, we held that "[p]oisoning someone is a physical . . . use of force because it involves force 'exerted by and through concrete bodies.'"  Id. (quoting Curtis Johnson, 559 U.S. at 138).  We added that "administering poison to kill someone is an intentional act that is 'capable of causing physical pain or injury.'"  Id. (quoting Deshazior, 882 F.3d at 1358).  And we held that indirect physical force -- through the use of poison or other means -- still qualifies as violent physical force under the ACCA elements clause.  Id. (citing Castleman, 572 U.S. at 171); see also Deshazior, 882 F.3d at 1357–58.

The only meaningful difference between first- and second-degree murder in Florida is that first-degree murder requires the element of premeditation, while second-degree murder does not.  See Fla. Stat. § 782.04(1)(a); see also State v. Montgomery, 39 So. 3d 252, 255 (Fla. 2010) ("The element of premeditation distinguishes first-degree from second-degree murder.").  Again, for purposes of the ACCA elements clause, we examine whether an offense "has as an element the use, attempted use, or threatened use of physical force against the person of another."  18 U.S.C. § 924(e)(2)(B).  With this language, the ACCA elements clause asks about the actions constituting an offense, rather than the mental state of the actor committing the offense.  The mens rea distinction between first- and second-degree murder makes no difference to our determination under the ACCA elements clause.  Because Hylor held that Florida attempted first-degree murder is

7

a violent felony within the meaning of the ACCA elements clause, and because we can discern no meaningful differences for our purposes, we too conclude that in Florida second-degree murder is a violent felony.

Accordingly, we hold that under Florida law, second-degree murder categorically qualifies as a "violent felony" under the ACCA, and we affirm.[2]

**AFFIRMED.**

---

[2] Jones also argues that the district court incorrectly determined that Florida second-degree murder is a "crime of violence" under the career offender provisions of the Sentencing Guidelines. U.S.S.G. § 4B1.1(a). Jones's plea agreement included a sentence-appeal waiver that would otherwise bar his appeal of that question, and he does not contest the validity of that waiver. Instead, he says the district court could revisit that issue on remand because of the "sentence package" doctrine. In the relevant cases, we have allowed that, where part of a sentence is vacated on appeal, a district court is able to reconsider all of the parts of an "interdependent" sentence together on remand. See, e.g., United States v. Watkins, 147 F.3d 1294 (11th Cir. 1998). Here, however, we have not vacated the sentence in whole or in part. In short, we have no occasion to address the Sentencing Guidelines issue today.