[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10488
Non-Argument Calendar
_____

D.C. Docket Nos. 9:16-cv-81071-WPD,
9:07-cr-80036-WPD-1

RICKEY THOMPSON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 17, 2019)

Before WILLIAM PRYOR, GRANT and HULL, Circuit Judges.

HULL, Circuit Judge:

Rickey Thompson, a federal prisoner proceeding with counsel, appeals the district court's denial of his authorized second 28 U.S.C. § 2255 motion to vacate. In this appeal, Thompson argues that his two 18 U.S.C. § 924(c) firearm convictions are invalid in light of Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015), and Sessions v. Dimaya, 584 U.S. ___, 138 S. Ct. 1204 (2018). Specifically, Thompson contends that his predicate second-degree murder offenses under 18 U.S.C. § 1111 do not qualify as crimes of violence after Johnson.

After careful review of the parties' briefs and the record, we conclude Thompson's two federal second-degree murder convictions qualify as crimes of violence under both § 924(c)'s residual and elements clauses. Thus, we affirm the district court's denial of Thompson's authorized second § 2255 motion.[1]

## I. BACKGROUND

### A.    Convictions, Direct Appeal, and First § 2255 Motion

In 2008, a federal jury convicted Thompson, a Bahamian boat captain, and a codefendant of 30 counts arising out of a drug- and alien-smuggling conspiracy. Relevant to this appeal, during two boat trips in 2006, Thompson pointed a firearm at passengers on the boat whom he had agreed to smuggle into the United States.

---

[1]In reviewing a denial of a motion to vacate under § 2255, we review the district court's legal conclusions de novo and its findings of fact for clear error. Stoufflet v. United States, 757 F.3d 1236, 1239 (11th Cir. 2014).

When the passengers said they could not swim, Thompson forced them to jump, or pushed them, from his boat into deep water off the coast of Jupiter Island, Florida, where three of them drowned.

Based on this conduct, Thompson was convicted of three counts of second-degree murder, in violation of 18 U.S.C. § 1111, and two counts of carrying and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  For the purposes of § 924(c), a "crime of violence" means an offense that is a felony and:

> (A)    has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B)    that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3)(A), (B).  We refer to § 924(c)(3)(A) as the "elements clause" and § 924(c)(3)(B) as the "residual clause."  Ovalles v. United States, 905 F.3d 1231, 1234 (11th Cir. 2018) (en banc) ("Ovalles II").  Here, as charged in his indictment, Thompson's companion crimes of violence: (1) for his § 924(c) firearm conviction in Count 28 was his two second-degree murder convictions in Counts 19 and 20 for the deaths of Roselyne Lubin and Alnert Charles; and (2) for his § 924(c) firearm conviction in Count 29 was his second-degree murder conviction in Count 21 for the death of Nigel Warren.

3

Thompson received a total life sentence on all 30 counts, including, inter alia, three concurrent life sentences for the second-degree murder offenses in Counts 19, 20 and 21, a consecutive seven-year sentence for the first § 924(c) firearm offense in Count 28, and a consecutive 25-year sentence for the second § 924(c) firearm offense in Count 29.  On direct appeal, this Court affirmed Thompson's convictions and sentences, United States v. Thompson, 363 F. App'x 737, 738 (11th Cir. Feb. 3, 2010), and later affirmed the district court's denial of Thompson's first § 2255 motion, Thompson v. United States, 608 F. App'x 726, 727 (11th Cir. 2015).

## B.    Authorized Second § 2255 Motion

In June 2016, Thompson pro se filed in this Court an application for leave to file a second or successive § 2255 motion asserting, inter alia, that his § 924(c) convictions were invalid based on the Supreme Court's recently decided Johnson. In Johnson, the Supreme Court struck down the residual clause of the Armed Career Criminal Act ("ACCA") as unconstitutionally vague.[2]  576 U.S. at ___, 135 S. Ct. at 2555-58, 2563.  The Supreme Court later held that Johnson announced a

---

[2]The ACCA provides for a mandatory minimum 15-year sentence when a defendant convicted under 18 U.S.C. § 922(g) has three or more prior convictions for a "violent felony." 18 U.S.C. § 924(e)(1).  The ACCA defines a "violent felony," in relevant part, as any crime punishable by a term of imprisonment exceeding one year that "otherwise involves conduct that presents a serious potential risk of physical injury to another," also known as the ACCA's residual clause.  Id. § 924(e)(2)(B); see also United States v. Owens, 672 F.3d 966, 968 (11th Cir. 2012).

new substantive rule that applies retroactively to cases on collateral review. Welch v. United States, 578 U.S. ___, ___, 136 S. Ct. 1257, 1268 (2016). More recently, in Dimaya, the Supreme Court applied Johnson and struck down as unconstitutionally vague the definition of "crime of violence" in 18 U.S.C. § 16(b), which is textually identical to § 924(c)'s residual clause, as incorporated into the Immigration and Nationality Act. 584 U.S. at ___, 138 S. Ct. at 1210-11, 1213-16, 1218-23.

In his June 2016 application, Thompson, relying on Johnson, argued that his federal second-degree murder convictions could not qualify as crimes of violence: (1) under § 924(c)'s residual clause because it, like the ACCA's residual clause, was unconstitutionally vague; or (2) under § 924(c)'s elements clause because 18 U.S.C. § 1111 does not involve the requisite use of physical force.

This Court granted Thompson's application as to his Johnson-based claim, concluding that he had made a prima facie showing that the statutory criteria in 28 U.S.C. § 2255(h) had been met. The Court noted that at that time it was unsettled whether Johnson applied to § 924(c)'s residual clause and that the Court had not explicitly ruled on whether a federal § 1111 second-degree murder is a crime of violence under § 924(c). In re Thompson, No. 16-13797 (11th Cir. July 11, 2016).

Once back in the district court, Thompson was appointed counsel. Thompson's now-authorized, second § 2255 motion, amended by counsel,

5

contended that Thompson was actually innocent of his § 924(c) convictions because his predicate second-degree murder convictions were no longer crimes of violence in light of Johnson.

The district court concluded that Johnson did not apply to § 924(c)'s residual clause, citing this Court's panel decision in Ovalles v. United States, 861 F.3d 1257 (11th Cir. 2017) ("Ovalles I"), vacated on reh'g en banc, 889 F.3d 1259 (11th Cir. 2018). Alternatively, the district court concluded that second-degree murder qualified as a crime of violence under § 924(c)'s elements clause. Accordingly, the district court denied Thompson's second § 2255 motion on the merits but granted him a certificate of appealability on whether second-degree murder is a crime of violence for purposes of a § 924(c) firearm conviction.

## II.  THOMPSON'S § 924(c) CLAIM

### A.     Residual Clause in § 924(c)(3)(B)

While Thompson's current appeal was pending, this Court sitting en banc held in Ovalles II that § 924(c)(3)(B)'s residual clause is not unconstitutionally vague under Johnson and Dimaya. See 905 F.3d at 1233-34, 1252-53 (interpreting the text in § 924(c)(3)(B) to incorporate a conduct-based approach that avoids the constitutional vagueness concerns that invalidated the statutory provisions in Johnson and Dimaya). Subsequently, given Ovalles II held § 924(c) is not unconstitutionally vague under Johnson and Dimaya, this Court has held a federal

6

prisoner's authorized successive § 2255 motion asserting a vagueness challenge to § 924(c)'s residual clause does not satisfy § 2255(h)'s requirements because: (1) those decisions do not supply a rule of constitutional law that is applicable to § 924(c); and (2) any challenge to the district court's use of the categorical approach in applying § 924(c)'s residual clause raises a statutory, not a constitutional, claim.  See Solomon v. United States, 911 F.3d 1356, 1358-59, 1361 (11th Cir. 2019) (citing In re Garrett, 908 F.3d 686, 688-89 (11th Cir. 2018)).  Thus, Ovalles II and Garrett "foreclose even the most generous reading of [the movant's] challenges, both constitutional and statutory."  Id. at 1361.[3]

Thompson now concedes that his claim that § 924(c)'s residual clause is unconstitutionally vague is foreclosed by Ovalles II, and he states that he raises it merely to preserve it in case the Supreme Court takes up the issue.[4]  Notably too, Thompson does not contend that his second-degree murder convictions fail to

---

[3]Although this Court authorized Thompson's proposed second § 2255 motion, that was only a threshold determination, and the district court was required to consider de novo whether the statutory criteria have been met.  See Jordan v. Sec'y, Dep't of Corrs., 485 F.3d 1351, 1357-58 (11th Cir. 2007).  This appeal is the Court's "'first hard look' at whether the § 2255(h) requirements have been met."  See Solomon, 911 F.3d at 1361.

[4]Shortly before Thompson filed his appeal brief, the Supreme Court granted a petition for a writ of certiorari in United States v. Davis, 903 F.3d 483 (5th Cir. 2018), cert granted, No. 18-431, 139 S. Ct. 782 (U.S. Jan. 4, 2019).  The Supreme Court recently heard argument in Davis on whether § 924(c)'s residual clause is unconstitutionally vague, and a decision is forthcoming.  Regardless, we are required to apply Ovalles II as binding precedent, as a grant of certiorari does not constitute a change in the law or a basis for relief.  See Gissendaner v. Comm'r, Ga. Dep't of Corrs., 779 F.3d 1275, 1284 (11th Cir. 2015).

7

qualify under § 924(c)'s residual clause using the conduct-based approach adopted in Ovalles II. Indeed, Counts 19, 20, and 21 of the indictment expressly charged that Thompson "with malice aforethought, did unlawfully kill" the victims by ordering each victim, "who could not swim, to jump from a boat into the waters of the Atlantic Ocean," and the jury found Thompson guilty of those counts. That conduct alone satisfies § 924(c)'s residual clause, which encompasses felonies that "involve[ ] conduct that presents a serious potential risk of physical injury to another." See 18 U.S.C. § 924(e)(2)(B)(ii).

For these reasons, the district court did not err in denying Thompson's authorized second § 2255 motion to the extent it challenged § 924(c)'s residual clause.

**B.    Elements Clause in § 924(c)(3)(A)**

Also while Thompson's appeal was pending, this Court held that both attempted first-degree and second-degree murder under Florida law categorically qualify as violent felonies under the ACCA's elements clause. See United States v. Jones, 906 F.3d 1325, 1326-27 (11th Cir. 2018) (Florida second-degree murder); Hylor v. United States, 896 F.3d 1219, 1220-21 (11th Cir. 2018) (Florida attempted first-degree murder). As explained below, those precedents drive the outcome here because a federal second-degree murder offense is not materially different from Florida's second-degree murder offense.

8

Under Florida law, second-degree murder is "[t]he unlawful killing of a human being, when perpetrated by any act imminently dangerous to another and evincing a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual." Jones, 906 F.3d at 1328 (alterations in original); see Fla. Stat. § 782.04(2). "The only meaningful difference between first- and second-degree murder in Florida is that first-degree murder requires the element of premeditation, while second-degree murder does not." Id. at 1329; see Fla. Stat. § 782.04(1)(a).

In Jones, this Court determined that Florida's second-degree murder offense has as an element the use of physical force. 906 F.3d at 1328-29. The Court relied on Hylor, which held that Florida attempted first-degree murder was categorically a violent felony under the ACCA's elements clause and rejected an argument that attempted murder by poisoning did not involve physical force. Id. The Jones Court stated that binding precedent in this Court and the Supreme Court made clear that even indirect force, such as the use of poison to kill someone, involved the use of violent force capable of causing physical pain or injury to a person, as required for the ACCA's elements clause. Id. The Court further explained that the language of the elements clause "asks about actions constituting an offense, rather than the mental state of the actor committing the offense." Id. at 1329. Therefore, the mens rea distinction between first- and second-degree murder (i.e., the element

9

of premeditation) "makes no difference" to the determination of whether the ACCA's elements clause applies.  Id.

Thompson acknowledges that this Court's decision in Jones is controlling precedent and that, under Jones, federal second-degree murder, like Florida second-degree murder, categorically qualifies under § 924(c)'s nearly identical elements clause.  We agree with Thompson and the government and conclude that, even if the Supreme Court overturns Ovalles II, that will not help Thompson because, under the reasoning in Jones, his federal second-degree murder convictions categorically qualify as crimes of violence under § 924(c)'s elements clause.

> Under federal law, first- and second- degree murder are defined as follows:
>
> Murder is the unlawful killing of a human being with malice aforethought.  Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing; or committed in the perpetration of, or attempt to perpetrate, any arson, escape, murder, kidnapping, treason, espionage, sabotage, aggravated sexual abuse or sexual abuse, child abuse, burglary, or robbery; or perpetrated as part of a pattern or practice of assault or torture against a child or children; or perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed, is murder in the first degree.
>
> Any other murder is murder in the second degree.

18 U.S.C. § 1111(a).  To convict a defendant of second-degree murder under § 1111(a), the government must prove beyond a reasonable doubt that: (1) the victim was killed; (2) the defendant caused the victim's death with malice

10

aforethought; and (3) the killing occurred in the special maritime or territorial jurisdiction of the United States. See United States v. McRae, 593 F.2d 700, 704 (5th Cir. 1979); 11th Cir. Crim. Pattern Jury Instr. O45.3 (second-degree murder). In other words, every federal second-degree murder requires the defendant to actually kill the victim with malice aforethought. As with Florida law, the distinction between first- and second-degree murder under federal law is premeditation. See Lewis v. United States, 523 U.S. 155, 158, 118 S. Ct. 1135, 1138 (1998); 11th Cir. Crim. Pattern Jury Instr. O45.3.

Because second-degree murder under § 1111(a) is not materially distinguishable from Florida second-degree murder, Jones controls our determination that federal second-degree murder has as an element the use of physical force and categorically qualifies as a crime of violence under § 924(c)'s elements clause. See United States v. Kaley, 579 F.3d 1246, 1255 (11th Cir. 2009) (explaining that under our prior panel precedent rule, we are bound by a prior panel's holding until it is overruled by the Supreme Court or this Court sitting en banc).

Even if we were not bound by Jones, however, we would conclude that federal second-degree murder qualifies under § 924(c)'s elements clause. At a minimum, federal second-degree murder has as an element the killing of a human being with malice aforethought. See 18 U.S.C. § 1111(a). Because § 1111(a), by

11

its plain terms, criminalizes the actual killing of another person, the level of force used must necessarily be capable of causing physical pain or injury.  See Curtis Johnson v. United States, 559 U.S. 133, 140, 130 S. Ct. 1265, 1271 (2010) (concluding that the phrase "physical force" in the ACCA's elements clause "means violent force—that is, force capable of causing physical pain or injury to another person"); see also Stokeling v. United States, 586 U.S. ___, 139 S. Ct. 544, 552-53 (2019) (reaffirming Curtis Johnson's "capable" standard for the definition of physical force); United States v. Vail-Bailon, 868 F.3d 1293, 1299, 1303 (11th Cir. 2017) (en banc) (holding that Florida felony battery qualifies as a crime of violence under U.S.S.G. § 2L1.2's analogous elements clause because the offense requires great bodily harm to the victim, which "necessarily constitutes force capable of causing pain or injury").  Thus, regardless of any vagueness challenge to § 924(c)(3)(B)'s residual clause, second-degree murder under § 1111(a) categorically qualifies as a crime of violence under § 924(c)(3)(A)'s elements clause.

For all these reasons, we affirm the district court's denial of Thompson's authorized second § 2255 motion.

**AFFIRMED.**

12