[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10749
Non-Argument Calendar
_____

D.C. Docket No. 2:17-cr-00049-SPC-CM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOVON ANTOINE MCCLURES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 11, 2020)

Before WILLIAM PRYOR, Chief Judge, JILL PRYOR, and TJOFLAT, Circuit
Judges.

PER CURIAM:

Jovon McClures pled guilty to being a felon in possession of a firearm and ammunition.  McClures now challenges his 180-month sentence, arguing that the enhancement to his sentence pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was improper for three reasons.  First, he argues that his conviction for robbery under Fla. Stat. § 812.13(1) is not a "violent felony" under the ACCA because he was convicted before *Robinson v. State*, 692 So. 2d 883 (Fla. 1997), clarified the amount of force required to commit a robbery under Florida law.  Second, he argues that the robbery should not qualify as a previous conviction under the ACCA because he was sentenced as a youthful offender.  Finally, he argues that his convictions for delivery of a controlled substance under Fla. Stat. § 893.13 are not "serious drug offenses" under the ACCA because the offenses did not require knowledge of the substance's illegality.  After consideration, we reject McClures's arguments and affirm his sentence.

## I.

We first turn to McClures's argument that his conviction for robbery under Fla. Stat. § 812.13(1) is not a "violent felony" under the ACCA.  We review *de novo* whether a prior conviction is a predicate offense within the meaning of the ACCA.  *United States v. James*, 430 F.3d 1150, 1153 (11th Cir. 2005), *overruled on other grounds by Johnson v. United States*, 135 S. Ct. 2551 (2015).

2

Under the ACCA, a defendant convicted under 18 U.S.C. § 922(g) is subject to a mandatory minimum 180-month sentence if he has 3 prior convictions for a "violent felony" or "serious drug offense."  18 U.S.C. § 924(e)(1).  The ACCA defines a "violent felony" as any crime punishable by an imprisonment term exceeding one year that:

> (i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)   is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).

To determine whether a prior conviction is a violent felony under the "elements" clause, § 924(e)(2)(B)(i), we scrutinize the elements of the statute under which the defendant was convicted.  *See United States v. Jones*, 906 F.3d 1325, 1328 (11th Cir. 2018).  If the statute requires the government to prove the use, attempted use, or threatened use of physical force as an element of the offense, then violation of the statute categorically constitutes a violent felony.  *Id.* at 1327.  In making this determination, a court must consider the least culpable conduct under the statute, regardless of the actual underlying facts of the defendant's prior conviction.  *Id.* at 1328.  In this case, because we are reviewing state criminal statutes, we are bound by the Florida Supreme Court's interpretation of the

3

offenses. *Johnson v. United States*, 559 U.S. 133, 138, 130 S. Ct. 1265, 1269 (2010).

> In Florida, robbery is defined as follows:
>
> the taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear.

Fla. Stat. § 812.13(1).

In 1997, the Florida Supreme Court held in *Robinson v. State* that mere snatching of property did not amount to robbery under § 812.13(1) unless the theft included "resistance by the victim that is overcome by the physical force of the offender." 692 So. 2d 883, 886 (Fla. 1997). In *Stokeling v. United States*, the Supreme Court concluded that, under that definition, Florida robbery qualifies as a violent felony under the ACCA's elements clause. 139 S. Ct. 544, 550 (2019). The *Stokeling* decision served to affirm the previous reasoning of this Circuit in *United States v. Fritts*. 841 F.3d 937 (11th Cir. 2016). In *Fritts*, this Court concluded that both pre- and post-*Robinson* Florida robbery convictions equally qualify as violent felonies under the ACCA's elements clause. *Id.* at 942–43. In support of that holding, we reasoned that, in *Robinson*, the Florida Supreme Court

4

was interpreting "what [the robbery] statute always meant," rather than announcing a new interpretation.[1]  *Id.* at 943.

Putting these cases together, § 812.13(1), the Florida robbery statute, has "always"[2] required "resistance by the victim that is overcome by the physical force of the offender,"[3] and because that requirement qualifies robbery as a violent felony under the ACCA,[4]  we reject McClures's argument that his pre-1997 Florida robbery conviction was not categorically a violent felony.  He is not entitled to relief on this ground.

## II.

We next turn to McClures's argument that, because he was sentenced as a youthful offender, his robbery conviction does not qualify as a predicate offense under the ACCA.  In *United States v. Wilks*, we held that a defendant's Florida youthful offender convictions may qualify as ACCA predicate offenses.  464 F.3d 1240, 1243 (11th Cir. 2006).  Thus, McClures's argument is without merit.

---

[1] We noted that the Florida Supreme Court had clearly stated as early as 1922 that violent force is required for a defendant to commit robbery in Florida.  *Id.* at 943.  McClures suggests that viewing *Robinson* as a mere clarification of the robbery statute is specious, citing a variety of pre-1997 robbery convictions that seemingly did not require the amount of force that *Robinson* mandated.  McClures has presented a compelling case that perhaps these pre-1997 robbery convictions were adjudicated incorrectly.  But since our inquiry into whether a crime is categorically violent focuses on the statutory definition of the crime, rather than any particular factual scenario underlying a conviction, we cannot use the facts supporting these convictions to overrule what the Florida Supreme Court has said the statute actually meant at the time.  *Jones*, 906 F.3d at 1328.

[2] *Fritts*, 841 F.3d at 943.

[3] *Robinson*, 692 So. 2d at 886.

[4] *Stokeling*, 139 S. Ct. at 550.

Though McClures argues that *Wilks* was wrongly decided, it is still binding precedent in this Circuit under our prior panel precedent rule, and we must adhere to it.  *See United States v. Steele*, 147 F.3d 1316, 1317–18 (11th Cir. 1998) (en banc).  McClures is not entitled to relief on this ground.

### III.

Finally, we turn to McClures's argument that his two convictions under Fla. Stat. § 893.13 do not qualify as "serious drug offenses" under the ACCA. McClures acknowledges that he did not raise this objection below.  Where a party failed to object to an alleged error in the district court, we review for plain error. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).  To show plain error, the challenging party must show that (1) the district court made an error (2) that is plain (3) that has affected the party's substantial rights.  *Id.*  If those three prongs are met, we may exercise our discretion to correct the error if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings."  *Id.* (internal quotations omitted).

The ACCA defines a "serious drug offense," in relevant part, as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law."  18 U.S.C. § 924(e)(2)(A)(ii).

Florida law punishes the sale, manufacture, delivery, or possession with intent to sell, manufacture, or deliver cocaine as a second-degree felony.  *See* Fla. Stat. §§ 893.03(2)(a), 893.13(1)(a).  Second-degree felonies are punishable by up to 15 years' imprisonment.  *Id.* § 775.082(3)(d).  In *United States v. Smith*, we held that a violation of § 893.13(1) is a serious drug offense under the ACCA.  775 F.3d 1262, 1268 (11th Cir. 2014).  The Supreme Court agreed with our judgment.  *Shular v. United States*, 140 S. Ct. 779, 784–85 (2020).  In *Shular*, the Court held that state drug offenses qualify as serious drug offenses under the ACCA if the offense conduct satisfies the definition listed in § 924(e)(2)(A)(ii), which § 893.13(1)(a) does.  *Id.* at 782.

McClures's argument that Fla. Stat. § 893.13(1)(a) should not be considered a serious drug offense under the ACCA is now foreclosed by both the Supreme Court and our precedent.  *See Shular*, 140 S. Ct. at 782; *Smith*, 775 F.3d at 1268.  Thus, the District Court did not plainly err in finding that McClures's two convictions under § 893.13(1)(a) were predicate offenses under the ACCA.

IV.

For all of the above reasons, McClures's sentence is affirmed.

**AFFIRMED.**

7