[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-11740

Non-Argument Calendar

_____

MARCELLUS HENDERSON,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent- Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket Nos. 1:20-cv-01695-LMM,
1:03-cr-00648-LMM-GGB-1

————————————

Before WILSON, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Marcellus Henderson, a federal prisoner represented by counsel, appeals the district court's denial of his authorized, successive 28 U.S.C. § 2255 motion to vacate. The district court, after denying the motion, granted a certificate of appealability ("COA") on whether Henderson's conviction, for aiding and abetting attempted bank robbery resulting in death, in violation of 18 U.S.C. §§ 2113(a), (d), and (e) is a crime of violence under 18 U.S.C. § 924(c)(3)(A).

On appeal, Henderson argues that his motion should have been granted because attempted bank robbery resulting in death is not a crime of violence under § 924(c)(3)(A)'s elements clause, particularly in light of *United States v. Taylor*, 142 S.Ct. 2015 (2022). Henderson also argues that aiding and abetting attempted bank robbery resulting in death is not a crime of violence because an aider and abettor need not participate in every element a principal participates in.

When reviewing a district court's denial of a § 2255 motion, we review questions of law *de novo* and factual findings for clear error. *Steiner v. United States*, 940 F.3d 1282, 1288 (11th Cir. 2019). Whether a particular conviction is a crime of violence under § 924(c) is a question of law and is reviewed *de novo*. *Id.* The scope of our review of an unsuccessful § 2255 motion is limited to the

issues enumerated in the COA. *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011).

Section 924(c) of Title 18 of the U.S. Code provides for a mandatory consecutive sentence for any defendant who uses or carries a firearm during a crime of violence or a drug-trafficking crime. 18 U.S.C. § 924(c)(1). For the purposes of § 924(c), a "crime of violence" means an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.* § 924(c)(3)(A), (B) (emphasis added). Section 924(c)(3)(A) is known as the "elements clause," while § 924(c)(3)(B) is known as the "residual clause." *See, e.g., Thompson v. United States*, 924 F.3d 1153, 1155 (11th Cir. 2019).

In *Davis*, the U.S. Supreme Court held that the residual clause in § 924(c)(3)(B) was unconstitutionally vague. *United States v. Davis,* 139 S. Ct. 2319, 2336 (2019). Therefore, an offense can only qualify as a crime of violence if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id.*

"[W]e use a categorial approach to determine whether a predicate offense is a 'crime of violence' under the elements clause.

That is, we ask whether the elements of the predicate offense in the statute denote a 'crime of violence'; we do not look to the particular facts of the defendant's conduct or the specifics of the defendant's trial." *Alvarado-Linares v. United States*, 44 F.4th 1334, 1342 (11th Cir. 2022) (citing *United States v. Bates*, 960 F.3d 1278, 1286 (11th Cir. 2020)). "Specifically, we must decide whether a conviction. . . requires the government to prove—as an element of the offense—the use or attempted use of physical force." *Id.* at 1346.

Section 2113 of Title 18 of the U.S. Code states, in relevant part:

> (a)  Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or
>
> Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank or such savings and loan association and in violation of

any statute of the United States, or any larceny–

Shall be fined under this title or imprisoned not more than twenty years, or both.

(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

(e) Whoever, in committing any offense defined in this section, or in avoiding or attempting to avoid apprehension for the commission of such offense, or in freeing himself or attempting to free himself from arrest or confinement for such offense, kills any person, or forces any person to accompany him without the consent of such person, shall be imprisoned not less than ten years, or if death results shall be punished by death or life imprisonment.

18 U.S.C. § 2113(a), (d), and (e).

We have held that a bank robbery conviction under § 2113(a) qualifies as a "crime of violence" under § 924(c)(3)(A)'s elements clause because a "taking 'by force and violence' entails the use of physical force" and "a taking 'by intimidation' involves

the threat to use such force." *In re Sams*, 830 F.3d 1234, 1239 (11th Cir. 2016). We have also held that armed bank robbery convictions under § 2113(a) and (d) qualify as crimes of violence under the elements clause. *In re Hines*, 824 F.3d 1334, 1336-37 (11th Cir. 2016).

In *Taylor*, a federal prisoner filed a successive § 2255 motion, challenging the enhancement of his sentence based on a prior conviction for attempted Hobbs Act robbery being identified as the predicate crime of violence. *Taylor*, 142 S. Ct. at 2019; *id.* at 2027 (Thomas, J., dissenting) (noting that the Fourth Circuit had granted Taylor leave to file a second or successive § 2255 motion). The district court denied his motion, but the Fourth Circuit vacated and remanded. *Id.* at 2019-20. On *certiorari* review, the Supreme Court resolved a circuit split and held that attempted Hobbs Act robbery does not qualify as a predicate crime of violence under § 924(c)(3)(A)'s elements clause. *Id.* at 2019-21. At the outset, the Court noted that, under the categorical approach, the facts of a particular defendant's case are immaterial because the "only relevant question is whether the federal felony at issue always requires the government to prove—beyond a reasonable doubt, as an element of its case—the use, attempted use, or threatened use of force." *Id.* at 2020.

The Court then explained that, to prove attempted Hobbs Act robbery, the government must show that the defendant intended to unlawfully take or obtain personal property by means of actual or threatened force and completed a "substantial step" toward that end. *Id.* But the Court noted that, while the government

would have to show that the defendant took an "unequivocal" and "significant" step towards committing robbery, the government need not show that the defendant actually used, attempted to use, or even threatened to use force, as required by § 924(c). *Id.* at 2020 21. The Court stressed that "an intention to take property by force or threat, along with a substantial step toward achieving that object, . . . is just that, no more." *Id.* at 2020. For example, the Court elaborated, a defendant who was apprehended before reaching his robbery victim could be convicted of attempted Hobbs Act robbery, even though he has not yet engaged in threatening conduct, so long as the government had other evidence of his intent and a substantial step. *Id.* at 2020-21. Therefore, the Court concluded that attempted Hobbs Act robbery was not a crime of violence under the text of § 924(c)(3)(A). *Id.* at 2021.

In so holding, the Supreme Court rejected the government's argument, adopted by this Court in *United States v. St. Hubert*, 909 F.3d 335 (11th Cir. 2018), that, because a completed Hobbs Act robbery qualifies as a crime of violence, an attempted Hobbs Act robbery must qualify as well. *Id.* at 2021-22 (citing *St. Hubert*, 909 F.3d at 352-53). The Court emphasized that the "elements clause does not ask whether the defendant committed a crime of violence *or* attempted to commit one," but rather "asks whether the defendant *did* commit a crime of violence." *Id.* at 2022 (emphasis in original). The Court concluded that, had Congress intended the elements clause to encompass attempted crimes of violence, it could have explicitly included attempt in its definition. *Id.* Ultimately, the

Court affirmed the Fourth Circuit's decision to reverse and remand Taylor's enhanced sentence. *Id.* at 2019-20, 2025-26.

In *Alvarado-Linares*, which was decided after *Taylor*, we affirmed the defendant's convictions under, the Violent Crimes in Aid of Racketeering Act ("VICAR") and § 924(c), holding that malice murder and attempted murder qualified as "crimes of violence." *Alvarado-Linares*, 44 F.4th at 1348. Because the indictment alleged that the VICAR charges were based on violations of Georgia's malice murder and attempted murder statutes, we relied on the elements of Georgia malice murder and concluded that it necessarily entails the use of physical force against another, and thus qualifies as a crime of violence. *Id.* at 1343-45. It also noted that the federal definition of murder also contains an element of force, so a VICAR murder conviction predicated on federal murder would also meet the definition of a crime of violence. *Id.* at 1345.

We also held that, under the categorical approach, Alvarado-Linares's convictions for attempted murder qualified as crimes of violence because a conviction for attempted murder under Georgia or federal law requires the intent to kill someone and the completion of a substantial step toward that goal, which qualifies as an attempted use of force. *Id.* at 1346-48. We distinguished *Taylor* because, unlike Hobbs Act robbery, an individual always must use force to commit murder and cannot commit the least-culpable form of murder via a mere threat. *Id.* We interpreted "*Taylor* to hold that, where a crime may be committed by the threatened use of force, an attempt to commit that crime—*i.e.*, an

attempt to threaten—falls outside the elements clause." *Id.* at 1346. Therefore, because the completed crime of murder has an element of the use of force, attempted murder has as an element the attempted use of force. *Id.* at 1348.

Section 2(a) of Title 18 of the U.S. Code states, "Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." 18 U.S.C. § 2(a).

In *In re Colon*, we found that aiding and abetting a Hobbs Act robbery also qualifies as a "crime of violence" under the use-of-force clause in § 924(c)(3)(A). *In re Colon*, 826 F.3d 1301, 1305 (11th Cir. 2016) (successive application context). In reaching this conclusion, we noted that, under 18 U.S.C. § 2, aiding and abetting is not a separate federal crime, but rather, an alternative charge that permits one to be found guilty as a principal for the substantive crimes, taking on the acts of the principal as a matter of law. *Id.* This Court also reasoned that, "because an aider and abettor is responsible for the acts of the principal as a matter of law, an aider and abettor of a Hobbs Act robbery necessarily commits all the elements of a principal Hobbs Act robbery." *Id.*

For these reasons, we conclude that the district court did not err in denying Henderson's motion to vacate and affirm.

**AFFIRMED.**