[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 22-11533

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RICHARD ALLEN HARRIS, JR.,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cr-20525-JEM-1

————————————————

Before WILSON, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

Richard Allen Harris appeals his 180-month sentence, which was imposed after he pleaded guilty to being a felon in possession of a firearm. At sentencing, the district court enhanced Harris's sentence based on the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). On appeal, Harris challenges the ACCA enhancement. After careful consideration, we affirm.

## I.

During a traffic stop in 2021, an officer found Harris in possession of a firearm and ammunition. He later pleaded guilty to possessing a firearm and ammunition as a felon, in violation of 18 U.S.C. § 922(g)(1).

Before Harris's sentencing, the probation office prepared a presentence investigation report ("PSR"). The PSR applied an ACCA enhancement because Harris had three prior convictions for crimes that were violent felonies or serious drug offenses. It identified three Florida convictions as ACCA predicates: two convictions for aggravated assault for offenses committed in 2003 and 2015, and one conviction for delivery of cocaine for an offense committed in 2007.

Harris objected to the ACCA enhancement. He argued that under the categorical approach his aggravated assault convictions did not qualify as violent felonies and his cocaine conviction did not

qualify as a serious drug offense. The district court overruled his objection, concluding that each conviction qualified as a predicate felony for ACCA purposes. After applying the ACCA enhancement, the district court imposed a sentence of 180 months.

This is Harris's appeal.

## II.

We review *de novo* whether a prior conviction qualifies as a violent felony or serious drug offense under the ACCA. *See United States v. Howard*, 742 F.3d 1334, 1341 (11th Cir. 2014).

## III.

Under the ACCA, a defendant convicted of unlawful possession of a firearm by a convicted felon is subject to a mandatory-minimum sentence of fifteen years if he has "three previous convictions . . . for a violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1). The issues in this appeal are (1) whether Harris's Florida convictions for aggravated assault qualify as violent felonies and (2) whether his Florida conviction for delivering cocaine qualifies as a serious drug offense.

We begin by considering whether a conviction for Florida aggravated assault qualifies as a violent felony. The term "violent felony" means, among other things, "any crime punishable by imprisonment for a term exceeding one year . . . that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id*. § 924(e)(2)(B). We call this the "elements clause" of the ACCA's "violent felony" definition. The

parties here agree that Florida aggravated assault qualifies as a violent felony only if it satisfies the elements clause.

"When determining whether a crime qualifies as a 'violent felony' for purposes of the ACCA, we use the so-called categorical approach," meaning we look only at the statutory elements of the prior offense and not to the facts underlying that conviction. *United States v. Jones*, 906 F.3d 1325, 1327–28 (11th Cir. 2018). An offense is categorically a violent felony under the ACCA's elements clause "if even the least culpable conduct criminalized by the statute would fall within the ACCA definition." *Id.* at 1328 (internal quotation marks omitted).

Harris argues that a Florida conviction for aggravated assault does not categorically qualify as a violent felony because the offense "can be committed with a merely reckless mens rea." Appellant's Br. 24. This argument is foreclosed by precedent. After Harris submitted his brief in this appeal, we held that Florida aggravated assault cannot be committed recklessly and thus categorically qualifies as a violent felony under the elements clause of the ACCA. *Somers v. United States*, 66 F.4th 890, 895–96 (11th Cir. 2023). Accordingly, Harris's aggravated assault convictions qualify as ACCA predicates.

We now turn to whether Harris's cocaine conviction qualifies as a serious drug offense. The ACCA defines a "serious drug offense," in relevant part, as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance." 18 U.S.C.

§ 924(e)(2)(A)(ii). This provision incorporates the definition of controlled substance set forth in "section 102 of the Controlled Substances Act (21 U.S.C. § 802)." *Id.* Section 102 of the Controlled Substances Act defines a "controlled substance" as any substance on the federal controlled substances schedules. 21 U.S.C. § 802(6).

To determine whether a defendant's state conviction qualifies as a serious drug offense under the ACCA, we again apply the categorical approach. *See United States v. Conage*, 976 F.3d 1244, 1250 (11th Cir. 2020). "Under the categorical approach, a conviction qualifies as a serious drug offense only if the state statute under which the defendant was convicted defines the offense in the same way as, or more narrowly than, the ACCA's definition of serious drug offense." *Id.*

Harris argues that Florida law defines cocaine more broadly than federal law because of differences in how Florida law and federal law have treated [$^{123}$I]ioflupane ("ioflupane").[1] At the time of Harris's Florida cocaine offense, in 2007, both Florida law and federal law defined cocaine so that conduct involving ioflupane was prohibited. *See* 21 U.S.C. § 812(c), Schedule II, (a)(4) (2007) (prohibiting derivatives of ecgonine, such as ioflupane); Fla. Stat. § 893.03(2)(a)(4) (2007) (same). But in 2015, the federal government legalized ioflupane. *See* Schedules of Controlled Substances:

---

[1] Ioflupane is a "radioactive cocaine derivative" that serves as the "active pharmaceutical ingredient in a drug used to diagnose patients who are suspected to have Parkinson's disease." *Brown v. United States*, 144 S. Ct. 1195, 1202 (2024).

Removal of [$^{123}$I]Ioflupane from Schedule II of the Controlled Substances Act, 80 Fed. Reg. 54715, 54717 (Sept. 11, 2015) (codified at 21 C.F.R. § 1308.12). As a result, when Harris committed the federal firearms offense in 2021, ioflupane was no longer a controlled substance under federal law. Harris points to the mismatch between how Florida treated ioflupane at the time of his controlled-substance offense in 2007 and how the federal government treated ioflupane at the time of his firearm offense in 2021 to argue that his cocaine conviction does not categorically qualify as a serious drug offense.

This argument, too, is foreclosed by precedent. In *United States v. Jackson*, we considered a similar argument about ioflupane. 55 F.4th 846 (11th Cir. 2022). The defendant in that case argued that when deciding whether a state conviction qualifies as a serious drug offense under the ACCA a court must look to the federal controlled-substances schedules in place at the time he committed the federal firearm offense (as opposed to those in place at the time when he committed the earlier state controlled-substance offense). *Id.* at 851. We rejected his argument, concluding that the ACCA's definition of "serious drug offense" did not "incorporate the federal drug schedules in effect at the time a defendant committed the federal firearm offense." *Id.* at 858–59 (internal quotation marks omitted). Recently, the Supreme Court affirmed our decision in *Jackson*. *See Brown v. United States*, 144 S. Ct. 1195 (2024). The Court explained that "a state crime constitutes a 'serious drug offense' if it involved a drug that was on the federal schedules when the defendant possessed or trafficked in it but was later removed." *Id.* at 1201.

Here, when applying the categorical approach, we look to the federal and Florida drug schedules in place at the time Harris committed the cocaine delivery offense. Because there was no mismatch in how those schedules treated ioflupane, we conclude that Harris's Florida conviction for delivering cocaine categorically qualifies as a serious drug offense.

Harris has three predicate convictions for crimes that qualify as violent felonies or serious drug offenses; thus, we conclude that the district court did not err in applying the ACCA enhancement.

**AFFIRMED.**