[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 16-12638

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

SAMUEL LEE LYNCH,
REO THOMAS NANCE,

Defendants-Appellants.

————————————————

Appeals from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:15-cr-00171-SCB-JSS-1

———————————

Before WILLIAM PRYOR, Chief Judge, and JILL PRYOR and TJOFLAT, Circuit Judges.

PER CURIAM:

A jury in the Middle District of Florida convicted Appellants Samuel Lee Lynch and Reo Thomas Nance of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); Hobbs Act robbery, in violation of § 1951(a); discharging or brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii)–(iii); and being a felon in possession of a firearm or ammunition, in violation of 18 U.S.C. § 922(g)(1). The District Court sentenced Lynch to life in prison and Nance to 624 months in prison.

Lynch and Nance both argue on appeal that their Hobbs Act robbery convictions are not predicate crimes of violence for purposes of their § 924(c) convictions. Lynch also argues that his previous Florida felony convictions for aggravated assault with a deadly weapon and aggravated battery on a law enforcement officer with a deadly weapon are not predicate offenses for his sentencing enhancements under U.S.S.G. § 4B1.1 and 18 U.S.C. §§ 924(e) and 3559(c). After careful review, we affirm.

**I.**

We review *de novo* whether an offense qualifies as a crime of violence under § 924(c). *Steiner v. United States*, 940 F.3d 1282, 1288 (11th Cir. 2019) (per curiam). However, an argument raised for the

first time on appeal is reviewed only for plain error. *United States v. Rodriguez*, 751 F.3d 1244, 1251 (11th Cir. 2014). Similarly, where a defendant fails to clearly state the grounds for his objection in the district court, we review only for plain error. *United States v. Ramirez-Flores*, 743 F.3d 816, 821 (11th Cir. 2014). To establish plain error, a defendant must show "(1) error, (2) that is plain, and (3) that affects substantial rights." *Rodriguez*, 751 F.3d at 1251–52 (quoting *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005)). Plain error review is discretionary, but "the court of appeals should exercise its discretion to correct the forfeited error if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Molina-Martinez v. United States*, 578 U.S. 189, 195, 136 S. Ct. 1338, 1343 (2016) (internal quotations and citations omitted).

To satisfy the plain error rule, an asserted error must be clear from the plain meaning of a statute or constitutional provision, or from a holding of this Court or the Supreme Court. *United States v. Morales*, 987 F.3d 966, 976 (11th Cir.), *cert. denied*, 142 S. Ct. 500 (2021). Even if an error was not "'plain' at the time of sentencing, . . . it is enough that the error be 'plain' at the time of appellate consideration." *United States v. Rodriguez*, 398 F.3d 1291, 1299 (11th Cir. 2005) (quoting *Johnson v. United States*, 520 U.S. 461, 468, 117 S. Ct. 1544, 1549 (1997)).

A plain error affected a defendant's substantial rights if it was prejudicial, meaning the error actually made a difference in the defendant's sentence. *Rodriguez*, 398 F.3d at 1300. If the appellate court would have to speculate that the result would have been

different, the defendant has not met the burden to show that his substantial rights have been affected. *Id.* at 1301.

In this case, neither Lynch nor Nance argued in the District Court—in their motions for judgment of acquittal or otherwise—that their convictions for Hobbs Act robbery did not qualify as crimes of violence under § 924(c). Instead, they maintained throughout the proceedings below that they were innocent of the underlying crimes. And while both objected to the entirety of the relevant offense conduct in their respective presentence investigation reports ("PSR"), they did so only on the broad grounds that they were factually innocent on all counts of conviction. Accordingly, Lynch and Nance have not properly preserved this issue for appeal, and so we review only for plain error.

Section 924(c) prohibits using or carrying a firearm during and in relation to a crime of violence or possessing a firearm in furtherance of any such crime. 18 U.S.C. § 924(c)(1). It also provides increased penalties, including a mandatory consecutive sentence, for those who brandish or discharge a firearm while committing a crime of violence. *Id.* § 924(c)(1)(A)(ii)–(iii), (c)(1)(D)(ii). A "crime of violence" within the meaning of § 924(c) means that an offense is a felony and

    (A)    has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

    (B)    that by its nature, involves a substantial risk that physical force against the person or

> property of another may be used in the course
> of committing the offense.

*Id.* § 924(c)(3). We refer to § 924(c)(3)(A) as the "elements clause," and § 924(c)(3)(B) as the "residual clause." *See, e.g., Thompson v. United States*, 924 F.3d 1153, 1155 (11th Cir. 2019).

Lynch and Nance were convicted under § 924(c) for brandishing a firearm during the commission of a Hobbs Act robbery. Lynch was also convicted for discharging a firearm during the commission of a Hobbs Act robbery. They maintain that those convictions are invalid because Hobbs Act robbery does not qualify as a "crime of violence" under § 924(c). In *United States v. St. Hubert*, we rejected a similar challenge to a defendant's § 924(c) conviction and held that Hobbs Act robbery qualified as a crime of violence under both the elements clause and the residual clause of § 924(c)(3). 909 F.3d 335, 344–46 (11th Cir. 2018), *abrogated in part by United States v. Davis*, 139 S. Ct. 2319, 2336 (2019); *see also In re Saint Fleur*, 824 F.3d 1337, 1340–41 (11th Cir. 2016) ("Hobbs Act robbery . . . clearly qualifies as a 'crime of violence' under the [elements] clause in § 924(c)(3)(A).").

The Supreme Court subsequently held in *United States v. Davis* that the residual clause of § 924(c) was unconstitutionally vague, thus abrogating that portion of our holding in *St. Hubert*. 139 S. Ct. 2319, 2336 (2019). But the remaining *St. Hubert* holding—that Hobbs Act robbery qualified as a crime of violence under the elements clause—remains unaffected, and we are bound by it.

Because our binding precedent forecloses Lynch and Nance's argument that Hobbs Act robbery does not qualify as a "crime of violence" under § 924(c)'s elements clause, their argument fails the second prong of plain error review. The District Court, then, did not plainly err and their § 924(c) convictions are affirmed.

## II.

Turning to Lynch's second argument, we review a district court's application of the Sentencing Guidelines *de novo*. *United States v. Perez*, 943 F.3d 1329, 1332 (11th Cir. 2019) (per curiam). In particular, we review the legal standard *de novo*, the district court's findings of fact for clear error, and the district court's application of the legal standard and Sentencing Guidelines to those facts *de novo*. *Id.* at 1332–33. But if a defendant fails to object to the PSR and his sentence with the requisite "specificity and clarity" to alert the government and the district court to the mistake complained of on appeal, we review only for plain error. *Ramirez-Flores*, 743 F.3d at 824. As explained above, Lynch objected to the allegations in the PSR only on the broad ground that he was not guilty of any of the crimes of which the jury convicted him. And at sentencing, he reiterated only his "general global denial" to the factual allegations in the indictment and the PSR. As such, Lynch did not properly preserve his sentencing challenges for appeal, and we review only for plain error.

16-12638                Opinion of the Court                7

Lynch challenges his sentencing enhancements under the "career offender" enhancement in U.S.S.G. § 4B1.1,[1] the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e)(1),[2] and the federal "three strikes" statute, id. § 3559(c)(1)(A)(i).[3]  The District Court found that Lynch was a career offender and an armed career offender, and additionally that the counts for Hobbs Act robbery, conspiracy to commit Hobbs Act robbery, and discharging and brandishing a firearm all carried mandatory minimum life sentences, based on his three previous Florida convictions for aggravated assault with a deadly weapon, aggravated battery on a law enforcement officer with a deadly weapon, and robbery.

The Court thus sentenced Lynch to (1) concurrent life sentences on the Hobbs Act robbery and conspiracy to commit Hobbs Act robbery counts, pursuant to § 3559(c)(1)(a)(i); (2) 15 years to life imprisonment on the felon-in-possession counts, to run concurrently with the life sentences, pursuant to § 924(e)(1); and (3) two

---

[1] The § 4B1.1 "career offender" enhancement was based on a jury convicting Lynch of violations of § 924(c) (Counts Three and Eight).

[2] The ACCA enhancement was based on a jury convicting Lynch of violations of §§ 922(g) and 924(e) (Counts Four and Nine).

[3] Prior to trial, the Government submitted a notice that it intended to pursue enhanced sentences under the three strikes statute, as it was required to do under 21 U.S.C. § 851(a)(1).  The Government identified Lynch's indictments for Hobbs Act robbery (Counts Two, Five, and Seven), conspiracy to commit Hobbs Act robbery (Count One), discharging a firearm in furtherance of a crime of violence (Count Three), and brandishing a firearm in furtherance of a crime of violence (Count Eight) as potential "third strikes" that would bring 18 U.S.C. § 3559's enhanced penalties into play if Lynch were convicted.

additional life sentences for brandishing and discharging a firearm in connection with the Hobbs Act robberies, to run consecutively to each other and consecutively to the other sentences, pursuant to § 924(c)(1)(A)(ii)–(iii) and § 3559(c)(1)(A)(i). We first consider the District Court's application of the career offender enhancement and the ACCA to Lynch's sentence; we then turn to the Court's application of the three strikes statute.

*A.*

A defendant qualifies as a career offender under U.S.S.G. § 4B1.1 if

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).

Lynch argues that his convictions for aggravated assault with a deadly weapon and aggravated battery on a law enforcement officer with a deadly weapon do not qualify as crimes of violence under the Guideline. For purposes of the Guideline, the term "crime of violence" means any offense under federal or state law, punishable by imprisonment for more than one year, that

16-12638                 Opinion of the Court                 9

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm . . . or explosive material.

*Id.* § 4B1.2(a).

Further, under the ACCA, a defendant convicted of unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g), is subject to a mandatory minimum sentence of fifteen years if he has three prior felony convictions for "a violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1).

As with the career offender enhancement, Lynch argues that his Florida convictions for aggravated assault with a deadly weapon and aggravated battery on a law enforcement officer with a deadly weapon do not qualify as violent felonies under the ACCA.[4] The ACCA defines the term "violent felony" as any crime punishable by a term of imprisonment exceeding one year that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, [or] involves use of explosives." *Id.* § 924(e)(2)(B). In addition, the Supreme Court recently held that "[o]ffenses with a *mens rea* of

---

[4] Again, Lynch does not contest that his robbery conviction qualifies as a violent felony under the ACCA.

recklessness do not qualify as violent felonies under ACCA." *Borden v. United States*, 141 S. Ct. 1817, 1834 (2021).

Because the career offender Guideline's elements clause in § 4B1.2(a)(1) is identical to the ACCA's elements clause in § 924(e)(2)(B)(i), cases decided under the ACCA's elements clause are binding for the career offender Guideline's elements clause, and vice versa—i.e., what constitutes a "violent felony" under the ACCA's elements clause also constitutes a "crime of violence" under the career offender Guideline's elements clause. *United States v. Golden*, 854 F.3d 1256, 1256–57 (11th Cir. 2017) (per curiam).

1.

Lynch's prior conviction for aggravated assault under Florida law is a crime of violence under both the career offender enhancement and the ACCA. In light of *Borden*, we recently asked the Supreme Court of Florida whether Fla. Stat. § 784.011(1)—Florida's assault statute—required specific intent. *Somers v. United States*, 15 F.4th 1049, 1056 (11th Cir. 2021). The Supreme Court of Florida responded that "the first element of Florida's assault statute, § 784.011(1), required not just the general intent to volitionally take the action of threatening to do violence, but also that the actor direct the threat at a target, namely another person." *Somers v. United States*, 355 So. 3d 887, 892–93 (Fla. 2022). Upon receiving the Supreme Court of Florida's answer to our question, we held that "aggravated assault under Florida law categorically qualifies as a 'violent felony' under the ACCA's elements clause." *Somers v. United States*, 66 F.4th 890, 896 (11th Cir. 2023). Our most recent

decision in *Somers*, therefore, forecloses Lynch's argument as to his aggravated assault conviction.

2.

Turning to Lynch's conviction for aggravated battery on a law enforcement officer with a deadly weapon, according to Florida law, a person commits aggravated battery when, in the commission of a battery, he or she (1) "intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement"; or (2) "uses a deadly weapon." Fla. Stat. § 784.045(1)(a). A person can also commit aggravated battery in Florida by committing a battery against a person who was "pregnant at the time of the offense and the offender knew or should have known that the victim was pregnant." *Id.* at § 784.045(1)(b).

Use of the modified categorical approach is appropriate when a statute is divisible, as is Fla. Stat. § 784.045. *See Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). A divisible statute is one that "sets out one or more elements of the offense in the alternative." *Id.* If one of the alternatives qualifies under ACCA, but another does not, "the modified categorical approach permits sentencing courts to consult a limited class of documents . . . to determine which alternative formed the basis of the defendant's prior conviction." *Id.* In Lynch's case, the judgment for his prior aggravated battery conviction shows he was convicted of aggravated battery on a law enforcement officer with a deadly weapon. This means Lynch was convicted under § 784.045(1)(a).

Using the modified categorical approach, we have consistently held that aggravated battery as set out in Fla. Stat. § 784.045(1)(a) qualifies as a crime of violence under the ACCA's elements clause. *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1341–42 (11th Cir. 2013), *abrogated on other grounds by United States v. Hill*, 799 F.3d 1319, 1321 n.1 (11th Cir. 2015); *see also United States v. Vereen*, 920 F.3d 1300, 1313–14 (11th Cir. 2019); *In re Rogers*, 825 F.3d 1335, 1341 (11th Cir. 2016). While we have not specifically addressed Florida's aggravated battery statute in light of *Borden*, we have previously held that aggravated battery under § 784.045 is a specific intent crime. *United States v. Vail-Bailon*, 868 F.3d 1293, 1299 (11th Cir. 2017) (en banc).

Lynch argues that "[b]ecause the least of the criminalized acts of Aggravated Battery with a Deadly Weapon is an unwanted touching while carrying a deadly weapon . . . and this does not involve the use of 'violent force,'" his prior conviction for aggravated battery cannot serve as a predicate offense under either the career offender enhancement or the ACCA. But *Turner*'s holding—that, using the modified categorical approach, aggravated battery under Fla. Stat. § 784.045(1)(a) qualifies as a crime of violence under ACCA's elements clause—has never been abrogated. As such, we are bound by it under the prior panel precedent rule "unless and until it is overruled or undermined to the point of abrogation by an opinion of the Supreme Court or of this Court sitting en banc." *United States v. Gillis*, 938 F.3d 1181, 1198 (11th Cir. 2019) (per curiam). The prior panel rule applies regardless of whether we believe "the prior panel's opinion to be correct, and there is no

exception to the rule where the prior panel failed to consider arguments raised before a later panel." *Id.* The District Court is also bound by our precedent and could not have erred—plainly or otherwise—in applying it; rather than telling the District Court that aggravated battery under § 784.045(1)(a) didn't qualify as a crime of violence, our precedent told the District Court that it *did*. And since aggravated battery qualifies as a violent felony under the ACCA, it qualifies as a crime of violence under the career offender enhancement. *See Golden*, 854 F.3d at 1256–57.

Accordingly, because our binding precedent dictates that Lynch's convictions for aggravated assault with a deadly weapon and aggravated battery on a law enforcement officer with a deadly weapon qualify as predicate offenses under both the career offender enhancement and the ACCA, Lynch had the requisite number of predicate offenses for each enhancement.[5] The District Court did not plainly err in applying either the career offender enhancement or the ACCA, and his sentence is affirmed in that respect.

### B.

Lynch also argues for the first time on appeal that he incorrectly received life sentences under the federal "three strikes" law

---

[5] The convictions that qualify Lynch for both the career offender enhancement and the ACCA are: (1) aggravated assault with a deadly weapon; (2) aggravated battery of a law enforcement officer with a deadly weapon; and (3) robbery. Only two of those convictions needed to qualify for the career offender enhancement to apply.

in 18 U.S.C. § 3559(c)(1). The relevant convictions serving as "strikes" are Lynch's previous convictions for robbery ("strike one"), aggravated battery on a law enforcement officer with a deadly weapon ("strike two"), and his convictions for Hobbs Act robbery, conspiracy to commit Hobbs Act robbery, and discharging and brandishing a firearm in furtherance of a crime of violence (each a separate "strike three" supporting a separate life sentence). Lynch only challenges the validity of strikes one and two, not strike three. That is, Lynch argues that his convictions for robbery and aggravated battery on a law enforcement officer with a deadly weapon do not qualify as serious violent felonies under the federal "three strikes" law in 18 U.S.C. § 3559(c)(1).[6]

Under the "three strikes" statute, a defendant receives a mandatory sentence of life imprisonment if he is convicted of a serious violent felony after having been previously convicted on separate occasions of two or more such felonies. *Id*. § 3559(c)(1)(A)(i). The statute defines a "serious violent felony" in two parts. First, it enumerates several offenses that plainly constitute serious violent felonies, one of which is robbery. *Id*.

---

[6] The Government listed Lynch's conviction for aggravated assault as a predicate serious violent felony as well. On appeal, Lynch argued that his aggravated assault conviction could not serve as a strike for the same reasons that his aggravated battery conviction could not serve as a strike. Because the Government conceded that Lynch's conviction for aggravated assault did not qualify as a serious violent felony under the "three strikes" law, we need not address that argument.

16-12638                Opinion of the Court                    15

§ 3559(c)(2)(F)(i).  Second, it provides that a "serious violent felony" is also

> any other offense punishable by a maximum term of imprisonment of 10 years or more that *has as an element the use, attempted use, or threatened use of physical force against the person of another* or that, by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense.

*Id.* § 3559(c)(2)(F)(ii) (emphasis added).  Like § 924(c) and the career offender enhancement, the three strikes law can be divided into an elements clause and a residual clause at § 3559(c)(2)(F)(ii), with an additional "enumerated offenses" clause at § 3559(c)(2)(F)(i).

### 1.

Lynch's Florida robbery conviction qualifies as a serious felony under the enumerated offenses clause.  Lynch nonetheless argues that his robbery conviction does not qualify as a "serious violent felony" by operation of the affirmative defense provision in § 3559(c)(3)(A).  Under that provision, a robbery conviction does not constitute a "strike," despite its enumeration as a "serious violent felony" in § 3559(c)(2)(F)(i), if the defendant can prove by clear and convincing evidence that "no firearm or other dangerous weapon was used in the offense and no threat of use of a firearm or other dangerous weapon was involved in the offense."  *Id.* § 3559(c)(3)(A); *United States v. Gray*, 260 F.3d 1267, 1278 (11th Cir. 2001).  Lynch argues that his robbery conviction should not qualify

as a predicate offense under § 3559 because the PSR does not indicate that Lynch used a dangerous weapon or otherwise threatened to use such a weapon in connection with the robbery.

But Lynch did not raise this argument in either the District Court or his initial brief on appeal. That argument first appears in his reply brief, and a legal claim or argument that is not plainly and prominently raised in an initial brief before this Court is deemed forfeited. *See United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (en banc). We thus deem Lynch to have forfeited any challenge to his sentence based on whether his Florida robbery conviction qualifies as a predicate offense under the three strikes law.

2.

Lynch essentially argues that because his conviction for aggravated battery should not qualify under the elements clause in the career offender Guideline or the ACCA, it also should not qualify under the elements clause in the three strikes law. And, so the argument goes, since that conviction does not qualify as serious violent felony under either the enumerated offenses clause or the elements clause in § 3559(c)(2)(F), it could only qualify under the residual clause, which Lynch argues is unconstitutional in light of *United States v. Johnson*, 135 S. Ct. 2551 (2015), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018).[7]

---

[7] Florida aggravated battery is a second-degree felony, Fla. Stat. § 784.045(2), punishable by up to fifteen years in prison, Fla. Stat. § 775.082. It thus satisfies the ten-year-sentence requirement in § 3559(c)(2)(F)(ii).

Even assuming, *arguendo*, that § 3559(c)(2)(F)(ii)'s residual clause is unconstitutionally vague, we cannot say that the District Court plainly erred in finding that Lynch's conviction for aggravated battery on a law enforcement officer with a deadly weapon qualified as a "serious violent felony" under its elements clause. An error cannot be "plain" where there is no precedent from the Supreme Court or this Court directly resolving the issue. *United States v. Cabezas-Montano*, 949 F.3d 567, 590 (11th Cir. 2020). And no decision of the Supreme Court or this Court holds that aggravated battery on a law enforcement officer with a deadly weapon under Florida law does not qualify as a "serious violent felony" for purposes of the three strikes statute. While it does not outright hold so, our precedent actually suggests the opposite. Specifically, *Turner* held that Florida aggravated battery is a violent felony under an elements clause nearly identical to that in § 3559(c)(2)(F)(ii).

The District Court did not plainly err in finding that Lynch's robbery and aggravated battery convictions qualified as serious violent felonies under § 3559, or in imposing mandatory life sentences under the three strikes law.

### III.

In sum, Hobbs Act robbery qualifies as a predicate crime of violence for a §924(c) conviction. Lynch's convictions for aggravated assault and aggravated battery of a law enforcement officer with a deadly weapon qualify as predicate offenses under the career offender enhancement and the ACCA, and the District Court did

18                         Opinion of the Court                    16-12638

not plainly err in applying the three strikes statute.  For those reasons, both Lynch and Nance's sentences are affirmed.

 **AFFIRMED.**